■ GLEN STRAUF, Appellant-Respondent, v ETTSON ENTERPRISES, INC., et al., Respondents, and JOHN W. ETTINGER, JR., Respondent-Appellant. — Cross appeals from a judgment of the Supreme Court in favor of plaintiff, entered October 12, 1983 in Tompkins County, upon a decision of the court at Trial Term (Bryant, J.), without a jury.

Plaintiff and defendants Susan Oakes and John W. Ettinger, Jr., were the sole shareholders and directors of the corporate defendant Ettson Enterprises, Inc. (Ettson). Its business was to buy, refurbish and resell used automotive equipment. Defendants Oakes and Ettinger were also shareholders, directors and officers of two other corporations, including defendant University Sand and Gravel, Inc. (University Sand).

Controversy arose among the parties after plaintiff, in 1978, purchased two used 1971 cement mixer trucks for $5,000 each, in the name of Ettson. He then refurbished the trucks for resale. Testimony at trial disclosed that plaintiff received an offer of $20,000 apiece for the refurbished trucks. However, after plaintiff conferred with his two codirectors, defendants Oakes and Ettinger, they rejected the offer, opting instead to sell the trucks to their other company, University Sand, without plaintiff's consent, for the sum of $8,000 each.

Plaintiff subsequently brought the instant action pursuant to section 626 of the Business Corporation Law, *inter alia,* to rescind the sale of the trucks. Trial Term concluded that the sale of the trucks was collusive and that the damage to Ettson was the difference between the purchase price actually paid for the trucks, $8,000 each, and the fair market value thereof at the time of the transfer, which the court held to be $10,000 apiece. These cross appeals by plaintiff and defendant Ettinger ensued.

The principal issue raised on this appeal is whether the trial court, acting without a jury, erred in its determination that the

fair market value of the trucks at the time they were sold by Ettson was $10,000 each. Evidence adduced at trial regarding the trucks' value included plaintiff's testimony that he had received an offer of $20,000 for each truck from Resco Equipment and Supply Company shortly before the trucks were sold for $8,000. The president of Resco also testified that this offer had been made. Further, plaintiff's expert witness testified that the trucks were worth between $25,000 and $30,000 at the time Ettson sold them to University Sand. Counterbalanced against this evidence was the testimony of defendants' expert witness, who stated that the trucks were worth $6,500 each at the time Ettson sold them. He based this opinion on his observation that the trucks' chassis were too light and their brakes inadequate for the heavy loads they would be carrying. He also noted that the company which manufactured the trucks had gone out of business with the result that it would become increasingly difficult, if not impossible, to obtain parts to repair them. Equally noteworthy was plaintiff's own testimony on cross-examination that the original cost of the trucks was $5,000 each which, adding the cost of parts and plaintiff's labor in repairing them, brought the cost to Ettson of each truck to approximately $7,500. Yet plaintiff opined that the value of the trucks at the time they were resold by Ettson was at least $25,000 each, leading to the somewhat questionable contention that the trucks should have been sold at a profit to Ettson of almost 350%. The trial court noted in the decision appealed from that its determination setting the fair market value of the trucks at $10,000 each represented its attempt to reconcile this conflicting evidence.

On the appeal of a nonjury case, this court's standard of review of findings of fact is whether it appears on all the credible evidence that a finding contrary to the trial court's is not unreasonable. In that event, this court must weigh the relative probative force of the conflicting evidence and inferences (*Shipman v Words of Power Missionary Enterprises,* 54 AD2d 1052, 1053) to determine if a different judgment should have been granted by the trial court. Given the testimony adduced at this trial, we conclude that there was sufficient evidence to support the findings of the trial court. This is especially true given the speculative nature of an unaccepted offer to purchase (see *Hine v Manhattan Ry. Co.,* 132 NY 477). Since the trial court's valuation of the trucks is not against the weight of the credible evidence nor contrary to law, it should not be disturbed (see *id.;* see, also, *Holscher v State of New York,* 59 AD2d 224, 227, affd 46 NY2d 792; *Grow Constr. Co. v State of New York,* 56 AD2d 95, 99).

Two other issues are raised on this appeal. First, the nonappealing defendants contend that the notices of appeal and cross appeal filed herein are nullities, with the result that this appeal should not have been permitted to proceed. They allege that a petition to have the corporate defendant Ettson adjudged an involuntary bankrupt was filed October 28, 1983 thereby staying all civil actions against Ettson (see US Code, tit 11, § 362). They conclude that the notices of appeal and cross appeal, filed November 9, 1983, and never renewed, are therefore nullities. This argument must be rejected. First, the issue which it raises should properly have been the subject of a motion to dismiss the appeal. Secondly, there has been no showing that any stay which might have been imposed as a result of the bankruptcy proceeding would have applied to an action such as the instant matter, which was brought, in essence, not *against* Ettson as a debtor corporation, but *on behalf of* Ettson to procure a judgment in its favor for the return of property and funds which were improperly transferred from it (see Business Corporation Law, § 626, subd [a]).

The final issue herein is raised by defendant Ettinger, who argues that it was unjust to hold him liable with the other defendants on the judgment since he severed all connections with both Ettson and University Sand on March 18, 1980, and some of the acts of misconduct of which his codefendants were found guilty occurred thereafter. This argument is unpersuasive. The trial court's decision is carefully itemized and holds defendant Ettinger liable with his codefendants only for misconduct which occurred before he severed his corporate ties.

Judgment affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.