■ OTIS RIVERS, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 72350.)—Mikoll, J. Appeal from a judgment in favor of claimant, entered February 6, 1989, upon a decision of the Court of Claims (E. Margolis, J.).

Claimant, an inmate under the control of the Department of Correctional Services (hereinafter DOCS), was awarded damages of $10,000 against the State for personal injuries stemming from malpractice committed by Dr. Joseph Cally, the operating surgeon, who mistakenly operated on claimant for a herniorrhaphy at an incorrect site.*

Claimant's condition was first diagnosed by prison physi-

---

* The total damages awarded claimant were $35,000, of which sum $25,000 was recovered from settlement of the malpractice action against Cally's estate and deducted from the total.

cians. Claimant signed a consent to a hernia operation on his left side. He was transferred to a nearby hospital for the surgery as the prison had no facilities for surgery. The State did not designate the surgeon although the State's referring doctor knew that Cally generally performed surgeries at the hospital involved.

The issue here is whether the State was properly held responsible for claimant's negligent treatment. The Court of Claims found that the surgeon was negligent in failing to examine claimant and in operating on his right side despite the fact that the left side was obviously herniated and which condition was discernible to the naked eye. The court found that the physician was an independent contractor. The State was found not to be negligent in its duty of care to claimant. There was nothing to indicate to the State that the surgeon was inadequate. The court, proceeding on the theory of a nondelegable duty, found the State nonetheless responsible for claimant's injury on public policy grounds.

It is fundamental law that the State has a duty to provide reasonable and adequate medical care to the inmates of its prisons. Whether the State can be held to be the guarantor of the adequacy of medical services under all circumstances, including those beyond its control, as the decision of the Court of Claims proposes, is to lift prisoners' rights vis-à-vis malpractice beyond the rights afforded to all others. Claimant's status as a prisoner and his impaired ability to make health-related decisions totally on his own hardly justifies such an extreme result in terms of the State's responsibility. We note that inmates such as claimant are not left without remedies in situations such as the instant one. Claimant has a cause of action against Cally which was settled to his benefit. Instead, we find a better rationale of a defendant's responsibility as seminally enunciated in *Mduba v Benedictine Hosp.* (52 AD2d 450), and more recently reiterated by this court in *Sledziewski v Cioffi* (137 AD2d 186, 188), where we stated that "[t]he premise for imputing liability is the element of control". We consider that rationale the appropriate test of responsibility.

The Court of Claims found that Cally was an independent contractor. The record supports that finding. No negligence was established on the part of the State. This is also reflected in, and supported by, the record. In view of these findings, there is no responsibility on the part of the State for claimant's injuries.

Judgment reversed, on the law, without costs, and claim

dismissed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Mercure, JJ., concur. *[See,* 142 Misc 2d 563.]