■ BRUCE SOLTIS, Respondent, v STATE OF NEW YORK, Appellant.—Levine, J. Appeal from that part of an order of the Court of Claims (Lyons, J.), entered May 23, 1990, which denied the State's motion for summary judgment dismissing the claim.

On March 12, 1986, claimant, an inmate at Clinton Correctional Facility in Clinton County, was examined by a physician's assistant at the facility's infirmary following complaints by claimant of lumps on both sides of his neck. At that time, the physician's assistant scheduled claimant for an examination by Nicholas Scors, a semi-retired general surgeon who performed consultations with inmates at the facility. Two weeks later, claimant was seen by Scors, who recommended that he undergo a lymph biopsy excision, which was done by Scors in April 1986.

Following the surgery, claimant continued to experience pain and, in November 1988,[1] commenced the instant action against the State, claiming that Scors committed malpractice by severing a spinal accessory nerve during the biopsy excision. Subsequently, the State moved for summary judgment dismissing the complaint based upon its defense that Scors was an independent contractor rather than an employee and, thus, it could not be held vicariously liable for Scors' alleged negligence. Claimant opposed the State's motion and cross-moved for summary judgment. The Court of Claims denied both motions and only the State has appealed.

On this appeal, the State contends that the Court of Claims erred in concluding that, although Scors was an independent contractor, the State could nonetheless be held liable for Scors' negligence, if any, based upon a theory of agency by estoppel. We disagree. The principle of ostensible agency or agency by estoppel has been applied in this State to hold a hospital or other medical facility responsible for the malpractice of a physician providing services there, despite the physician's status as an independent contractor, where medical

1. Claimant was granted leave by the Court of Claims to file a late claim against the State.

care was sought by a patient from the hospital or clinic rather than from a particular physician (see, Hill v St. Clare's Hosp., 67 NY2d 72, 79-81; Casucci v Kenmore Mercy Hosp., 144 AD2d 910; Mduba v Benedictine Hosp., 52 AD2d 450, 453). The applicability of the doctrine depends upon whether the plaintiff could have reasonably believed, based upon all of the surrounding circumstances, that the treating physician was provided by the defendant hospital or clinic or was otherwise acting on the defendant's behalf (see, Casucci v Kenmore Mercy Hosp., supra; Augeri v Massoff, 134 AD2d 308, 309).

Here, the record indicates that claimant was initially examined at the facility's infirmary by a physician's assistant employed by the State, who arranged for claimant's later consultation with Scors, which also occurred at the facility. Prior to surgery, claimant signed a Department of Correctional Services consent form authorizing performance of the procedure by Scors. In addition, the surgery took place in the facility's operating room where Scors was assisted by a facility nurse. In view of the foregoing, we find that questions of fact exist as to whether claimant, in accepting the services of Scors, reasonably assumed that Scors was either employed by or acting on behalf of the State and, therefore, that Scors' services were offered by the State.[2] Under these circumstances, the State's submission in support of its motion for summary judgment was insufficient to establish, as a matter of law, that it may not be held vicariously liable for the alleged negligence of Scors in the treatment of claimant (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324; Augeri v Massoff, supra, at 308). Thus, the Court of Claims properly denied the State's motion for summary judgment dismissing the complaint.

As a final matter, we note that, contrary to the State's position, our decision in Rivers v State of New York (159 AD2d 788, lv denied 76 NY2d 701) does not compel a result different from that reached here. In Rivers, the inmate/claimant received surgical services at an outside hospital from a physician who had no actual or apparent relationship with the State and, thus, the principle of agency by estoppel was inapplicable.

Order affirmed, with costs. Weiss, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.

■ In the Matter of HARRY E. HARBOUR et al., Appellants, v

---

2. In this respect, we disagree with the Court of Claims' dictum that agency by estoppel was established as a matter of law.