■ DOROTHY R. CANDELO et al., Appellants, v STATE OF NEW YORK, Respondent.—Yesawich Jr., J. P. Appeal from a judgment in favor of claimants on the issue of liability, entered May 13, 1991, upon a decision of the Court of Claims (Lyons, J.) following a bifurcated trial.

Claimant Dorothy R. Candelo (hereinafter claimant) attended an employee/family picnic sponsored by Greene Correctional Facility in Greene County, where her husband was employed as a correction officer. Among the picnic activities was a hayride, consisting of a farm tractor pulling a single flatbed wagon on which bales of hay had been placed.

While at the picnic claimant went on two hayrides, the first of which was uneventful. During the second trip, claimant was seated toward the front on the left side of the flatbed wagon with her legs dangling over the edge. After the tractor and wagon turned off a gravel road and into an open field, it passed along a row of large rolled hay bales on the left. As it was proceeding by the bales, the wagon entered a rut and slid toward the bales. When the wagon came near to or in contact with the bales, a portion of claimant's foot caught in the hay and she was dragged from the wagon, sustaining various injuries as a result.

Claimant and her husband, derivatively, thereafter filed damage claims against the State. Following a plenary hearing on the issue of liability, the Court of Claims issued a bench decision finding the State 65% liable for claimant's injuries and claimant 35% liable. Claimants appeal.

The primary issue on appeal is whether the Court of Claims erred in determining that claimant had sufficient time, after she should have been aware of the danger, to pull her feet and legs out of harm's way. In its decision the court refers to the testimony of Thomas Boyle, who was assisting the driver by riding on the running board of the tractor and watching the wagon during the ride, that the accident happened three to five minutes after the tractor turned from the gravel road.

Unpersuasive is claimants' contention that the Court of Claims mistakenly interpreted Boyle's testimony to mean that the tractor was actually alongside the hay bales for that length of time, and that this misapprehension led to the erroneous conclusion that claimant had ample time to appreciate the danger posed by the bales and to move her legs. The court found only that "the accident happened some distance north of the south end of the row of bales", and merely referred to Boyle's testimony to buttress its finding. When considered along with the other evidence, Boyle's statement does indeed provide support for the court's conclusion.

Even if the Court of Claims misconstrued Boyle's testimony, an affirmance is nevertheless dictated for the court's judgment is not contrary to law and is justified by an abundance of

credible evidence in the record as a whole *(see, Strauf v Ettson Enter.,* 106 AD2d 737, 738).

Claimant's testimony suggests that, regardless of whether the tractor or the wagon proceeded for any distance truly parallel to or "alongside" the hay bales, she was fully cognizant of the danger for some time prior to the accident. As they "got closer" to the bales, she stated that she had time to call out to the driver, asking him to move away from the bales; at that point she was obviously aware of the danger. The tractor, however, continued traveling "in that particular direction". Claimant then "yelled to [her] girl friend to get her legs up". Only after doing all this did she actually begin to pull her own legs out of the way. Initially, claimant estimated that between 30 seconds and a minute elapsed from the time she called to her girlfriend and the collision. After a brief recess, claimant revised that estimate to "a matter of seconds". And while the testimony is conflicting respecting whether she managed to pull her legs completely onto the cart before her toe became enmeshed in the bales, there is sufficient evidence for the Court of Claims' finding that she did not. Taken together, these circumstances indicate that claimant appreciated the danger with sufficient time to remove her legs from the edge of the wagon. Accordingly, it was reasonable for the court to find claimant partially liable for her injuries.

Levine, Crew III, Mahoney and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.