■ GEORGE BENEDICT et al., Appellants, v SEASILLE EQUITIES CORPORATION et al., Respondents.—In an action for specific performance of a contract for the sale of land, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (McCarthy, J.), dated May 1, 1990, which, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiffs' contention that the affirmative defense of fraud was not properly pleaded by the defendants. "It is almost impossible to state in detail the circumstances constituting a fraud where those circumstances are peculiarly within the knowledge of the party against whom the defense is being asserted" *(Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194). Under the circumstances of the instant case, we are satisfied that the affirmative defense of fraud was pleaded with the necessary particularity *(see,* CPLR 3016 [b]).

Also unpersuasive is the plaintiffs' contention that they were denied a fair trial because the trial court allowed the defendants to adduce evidence from a handwriting expert, James Horan, notwithstanding noncompliance with the provisions of CPLR 3101 (d) (1) (i). A review of the record establishes that it was only during the presentation of the plaintiffs' case that evidence was adduced indicating that photocopies of Richard Friedman's signatures had been affixed to the purported contracts by some mechanical means after the purported contracts had been executed by the plaintiff George

Benedict. This testimony, as the trial court found, "came as a surprise" and constituted "good cause" for the exercise of its discretion under CPLR 3101 (d) (1) (i) to the permit expert testimony on the issue *(see, Simpson v Bellew,* 161 AD2d 693).

Contrary to the plaintiffs' contention, the trial court's findings of fact were consistent with the weight of the credible evidence *(see, Strauf v Ettson Enters.,* 106 AD2d 737; *Stempel v Rosen,* 140 AD2d 326). Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.