■ CARL DELPRETE, as Administrator of the Estate of ANNE DELPRETE, Deceased, Respondent, v VICTORY MEMORIAL HOSPITAL, Appellant, et al., Defendants. [595 NYS2d 809] —In an action to recover damages for medical malpractice, the defendant Victory Memorial Hospital appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated February 20, 1991, which denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order is affirmed, with costs.

The defendant hospital moved for summary judgment on the ground that the decedent was at all times under the care of the codefendant Dr. Jitendra C. Shah, a private attending physician, and that its staff properly followed his orders. As the moving party, the hospital was required to make a prima facie showing of entitlement to judgment as a matter of law, presenting sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). We conclude that summary judgment was properly denied.

It is undisputed that the decedent had no prior doctor-patient relationship with Dr. Shah and that she entered the hospital through the emergency room seeking treatment from the hospital, rather than from a particular doctor. It is also undisputed that Dr. Shah was an "on call" physician who was initially assigned by the hospital to examine the decedent in the emergency room. We find that the hearsay allegations of the hospital's attorney regarding the decedent's relationship with Dr. Shah lacks probative value with respect to the issue of whether the hospital is vicariously liable for his acts. Moreover, under the circumstances of this case, the hospital administrator's denial of an employee-employer relationship between the hospital and Dr. Shah is insufficient to establish as a matter of law that the hospital cannot be held vicariously liable for Dr. Shah's alleged acts of negligence (see, *Augeri v Massoff*, 134 AD2d 307; see also, *Hill v St. Clare's Hosp.*, 67 NY2d 72; *Noble v Porter*, 188 AD2d 1066; *Mangan v White Plains Hosp. Med. Ctr.*, 136 AD2d 608; *Felice v St. Agnes Hosp.*, 65 AD2d 388).

Furthermore, aside from the issue of the vicarious liability for Dr. Shah's acts, we find that the evidence presented by the hospital was insufficient to establish that the plaintiff had no cause of action against it for the alleged negligent acts of its employees. The affidavit by its medical expert was comprised of bare conclusory statements and did not attempt to refute the specific factual allegations of malpractice in the bill of particulars (see, *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Graber v Zwanger*, 175 AD2d 911).

Accordingly, summary judgment was properly denied. Sullivan, J. P., Rosenblatt, Lawrence and O'Brien, JJ., concur.