■ STANDARD BUILDERS SUPPLIES, Respondent, v VICTOR GUSH et al., Appellants. [614 NYS2d 632] —White, J. Appeal from a judgment of the Supreme Court (Dier, J.), entered July 21, 1993 in Warren County, upon a decision of the court in favor of plaintiff.

Defendants Victor Gush and Linda Gush were the sole shareholders and directors of defendant Stablegate Builders, Inc. and plaintiff is a corporation selling kitchens and related products. Since 1987, Stablegate had used plaintiff as a supplier of kitchens and bath cabinets for some of its projects. In 1989 Stablegate began construction of a house in the Town of Queensbury, Warren County, on property owned by the Gushes which was to be their personal residence. Blueprints for the home were submitted to plaintiff. After several meetings with the Gushes, a final design for the kitchen was approved and plaintiff ordered custom kitchen cabinets and fixtures for the project. In addition, after further discussion with the Gushes, plaintiff ordered cabinets for the pantry, master bathroom and laundry room. Plaintiff alleged that these items were specially designed and ordered from plaintiff's suppliers but that defendants refused delivery and payment, and this lawsuit ensued.

At the conclusion of a nonjury trial, Supreme Court found that the Gushes had entered into an agreement with plaintiff for unique kitchen and bathroom units designed and ordered by plaintiff from manufacturers at defendants' request. Since defendants refused to accept delivery or pay for said items, the court found for plaintiff in the full amount of the contract, $20,121.35. Defendants contend that there was no agreement between plaintiff and defendants, except for the purchase of cabinets for approximately $3,000 by Stablegate, and that there was nothing to support Supreme Court's finding that the Gushes had entered into a contract with plaintiff. We disagree.

A review of the record indicates that the Gushes were building a personal residence based on plans and blueprints submitted by them to Stablegate, and that there was no contract between Stablegate and the Gushes. As the project developed, the Gushes met with Joel Aronson, president of plaintiff, on several occasions, with Linda Gush indicating the type of cabinets she wished installed; Aronson went over the plans for the bathroom with the Gushes at a meeting at the

house. In addition the kitchen plans were changed several times at the direction of the Gushes. According to Michael Hancox, who was the manager for Stablegate on the project and directed the purchases for the home, the plans for the home were provided by the Gushes, who made the selection of the items for the home, including color and design decisions, and he consulted with the Gushes on large purchases. However, Victor Gush testified that he did not approve of the purchase of the furnishings from plaintiff.

Thus, there was a question of fact for Supreme Court to determine whether Hancox and other Stablegate employees were acting as agents for the Gushes in connection with the purchase of the furnishings. It is undisputed that an agency may be established by conduct, as well as by a written or oral contract (see, Heine v Papp, 97 AD2d 929). Further, an agency relationship established by conduct may create an agency of apparent authority, established by words or conduct of a principal communicated to a third party, if it gives rise to an apparent and reasonable basis by the third party that an agency has been created and the agent possesses the authority to enter into a transaction (see, Legal Aid Socy. v Economic Opportunity Commn., 132 AD2d 113; Lynch v Lynch, 122 AD2d 572, lv denied 68 NY2d 610). Such apparent authority may exist even if the principal did not actually subjectively intend to create an agency relationship, as long as the third party's reliance upon the principal's statement or conduct is reasonable (see, Hoysradt v Nilles Ford-Mercury, 168 AD2d 824).

This Court is generally deferential to Supreme Court's credibility determinations, especially in a close case or on sharply contested issues, since the evaluation of the witnesses and the quality of proof can best be made by the trial court which has direct access to the parties (see, Matter of City of Albany, 199 AD2d 746; Kellogg v Kellogg, 185 AD2d 426). Therefore, we find that Supreme Court's judgment that the Gushes are personally liable for the cost of the furnishings is not contrary to law and was justified by the credible evidence presented (see, Benedict v Seasille Equities Corp., 190 AD2d 649; Candelo v State of New York, 187 AD2d 787).

Defendants further contend that because the complaint states that the breach of contract action was for breach of a written agreement and only one purchase order was in writing, they were deprived of presenting an affirmative defense under UCC 2-201 (the Statute of Frauds). However, since these goods were specially manufactured and not suitable for sale to

others in the ordinary course of the seller's business, as testified to by plaintiff's president, any oral agreements would be enforceable under UCC 2-201 (3) (a); defendants were thus not prejudiced in this regard.

Cardona, P. J., Mikoll, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, with costs.