OPINION OF THE COURT
Gerard M. Weisberg, J.
This is a claim* for personal injuries resulting from dental malpractice. On December 15, 1991, claimant was an inmate at Bedford Hills Correctional Facility (Bedford), a women’s *784 prison run by the State. For at least two months prior thereto, claimant had been complaining to prison officials of swollen and painful gums. On that date, she saw a prison dentist, Dr. E. Gonzales. According to claimant, and without contradiction by defendant, Dr. Gonzales told claimant that oral surgery was required but that it could not then be scheduled because claimant’s transfer to Bayview Correctional Facility (Bayview) was imminent.
On January 29, 1992, claimant was transferred to Bayview and came under the dental care of Dr. Alton Wareham. Claimant’s dental records for February 5, 1992 show that she then presented to Dr. Wareham with pain in or near her teeth numbers 11 and 14. In the doctor’s note, he opines that they would probably have to be extracted. On February 14, 1992, Dr. Wareham referred claimant to St. Luke’s Hospital (St. Luke’s) for a consultation. On February 18, 1992, St. Luke’s reported that claimant needed "dental extractions,” although the teeth to be removed were not identified in its note. On March 3, 1992, claimant’s teeth numbers 10 and 15 were extracted at St. Luke’s under general anesthesia.
As of April 16, 1992, claimant’s records show that she was still complaining of pain in the area of tooth number 14. Claimant alleges, without contradiction by defendant, that Dr. Wareham told her that St. Luke’s had not done the extractions properly, apparently having failed to properly shave down an adjoining tooth. Claimant was also of the view that the wrong teeth were removed and without her informed consent. In any event, claimant was sent to Mt. Sinai Dental Clinic (Mt. Sinai) in October 1992 and January 1993 for further treatment. According to claimant, the dentist there, Dr. Mitchell Stark, declined to perform the procedure under general anesthesia saying that such was not called for and too time consuming. He stated that a local anesthetic was appropriate. Claimant responded that she was allergic to Novocaine and related local anesthetics. Mt. Sinai tested claimant for allergies to local anesthetics which came back negative. Be that as it may, claimant refused surgery under a local anesthetic and Mt. Sinai refused to treat her.
Thereafter, Bayview would not schedule claimant for further treatment. She filed a grievance with that facility on February 11, 1993, which was denied on April 21, 1993 on the basis that it was for the dentist and not claimant, to determine the appropriate anesthesia.
*785 In June of 1993, claimant joined Bayview’s work-release program. She then contacted Dr. Kordonsky, the chief of Mt. Sinai’s Dental Clinic. With Dr. Wareham’s permission, it was agreed that Mt. Sinai would treat claimant under general anesthesia provided claimant was responsible for the bill. That work was performed on September 15, 1993.
Although pleaded as one cause of action, I believe several are alleged in this claim. First, claimant argues that Dr. Gonzales’ delay in scheduling her for treatment while at Bedford was malpractice and caused the extractions in March 1992. In the absence of expert evidence that the delay was a deviation from good and accepted dental practice, and that it resulted in avoidable extractions, claimant has failed to prove this cause of action. (See, 76 NY Jur 2d, Malpractice, §§ 300-301.)
Second, claimant would apparently hold the State liable for St. Luke’s alleged malpractice and omissions. From the records alone, I cannot tell if malpractice was committed. However, as claimant has testified, without contradiction, that Dr. Wareham stated to her that St. Luke’s had treated her improperly, claimant has proven a departure from good and accepted dental care. Be that as it may, as independent entities, the State is not responsible for the malfeasance of St. Luke’s. (Rivers v State of New York, 159 AD2d 788.)
Third, claimant would hold defendant liable for not arranging for treatment at Mt. Sinai (or somewhere else) under general anesthesia. Claimant relies on a "Patient’s Bill of Rights,” which she cut out of a magazine, and which cites as its source the New York State Department of Health.
I have been unable to find this Bill of Rights in the published regulations of the Department of Health. However, Public Health Law § 2803-c is entitled: "Rights of patients in certain medical facilities.” A comparison of these two sources suggests that claimant’s exhibit is a synopsis of some of the statute’s provisions.
In part section 2803-c provides that every nursing home and facility providing health-related service shall treat patients such that: "a. Every patient’s civil and religious liberties, including the right to independent personal decisions and knowledge of available choices, shall not be infringed and the facility shall encourage and assist in the fullest possible exercise of these rights.” (Public Health Law § 2803-c [3] [a].) The application of this statute to this case raises at least two *786 questions: does it apply to the State and to Mt. Sinai as they jointly provided for claimant’s care; and, if so, was it breached?
Public Health Law § 2800 states that the purpose of that article is to regulate facilities providing principally health care. Neither Bedford nor Bayview were engaged principally in the providing of health care. They engage principally in the providing of incarceration. Similarly, by its own definitions, section 2803-c only applies to a facility providing in-patient care. (See, Public Health Law § 2801 [4] [b].) There was no evidence offered that Mt. Sinai Dental Clinic provides in-patient care. I therefore conclude that the statute does not apply.
Assuming, arguendo, it does, I hold that the right to a type of anesthesia is not a civil or religious liberty, at least under the facts of this case. (Cf., Rivera v State of New York, 94 Misc 2d 157.) The idea that an inmate who is receiving free care has the right to dictate treatment despite its time, cost or medical propriety is unacceptable.
Inasmuch as the records show that local anesthesia was appropriate for claimant’s treatment and that claimant was not allergic to such, defendant did not act unreasonably in offering claimant only this service. This is true regardless of what claimant subjectively thought or believed. Any damages she has suffered, she therefore caused herself.
For the foregoing reasons, the claim is dismissed.

 Although this claim was served and filed late, claimant’s notice of intention to file a claim having been served by ordinary mail, in a prior opinion I held the State estopped to raise these defenses because claimant had requested and paid for certified mail, return receipt requested. (Williams v State of New York, Ct Cl, May 24, 1994.)