■ KAY MCDONALD, Respondent, v AMBASSADOR CONSTRUCTION COMPANY, INC., et al., Defendants, and NEW YORK DOWNTOWN HOSPITAL, Appellant. (And Other Actions.) [709 NYS2d 177] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered October 27, 1999, which, insofar as

appealed from, denied defendant hospital's motion for summary judgment dismissing the cause of action against it for medical malpractice, unanimously affirmed, without costs.

Plaintiff entered defendant hospital through its emergency room, where she was examined and treated by defendant physician, who was "on call." Plaintiff had no prior relationship with defendant physician and did not request or explicitly consent to treatment by a particular physician in the emergency room. Defendant physician performed surgery on plaintiff the following day at defendant hospital, where she remained for five weeks before being transferred to another hospital where she was also treated by defendant physician. Such circumstances are consistent with a reasonable belief on plaintiff's part that defendant physician was acting on defendant hospital's behalf when he allegedly committed malpractice shortly after the surgery by failing to take certain additional medical measures (*cf., Soltis v State of New York*, 172 AD2d 919). Unless the hospital shows that such belief was unreasonable, it can be held vicariously liable for this alleged malpractice by the physician, notwithstanding that he was actually an independent contractor (*see, supra*; *see also, Citron v Northern Dutchess Hosp.*, 198 AD2d 618, 620, *lv denied* 83 NY2d 753; *Delprete v Victory Mem. Hosp.*, 191 AD2d 673; *Abraham v Dulit*, 255 AD2d 345). Upon this record, the hospital has not demonstrated, as a matter of law, that it was unreasonable for plaintiff to believe, at the time of the alleged malpractice, that the physician was acting on the hospital's behalf. Concur—Rosenberger, J. P., Tom, Mazzarelli, Andrias and Saxe, JJ.