■ MERRELL-BENCO AGENCY, LLC, et al., Appellants, v HSBC BANK USA et al., Defendants, and WOLF KRAUS et al., Respondents. (And Two Other Related Actions.) [799 NYS2d 590]—

Peters, J.P. Appeal from three judgments of the Supreme Court (Kavanagh, J.), entered February 10, 2004, February 26,

2004 and February 27, 2004 in Sullivan County, upon a decision of the court in favor of Gaffken & Barriger Fund, LLC, Wolf Kraus and Pre-Fab City, Inc.

Martin Cohen[1] and his partner, Kenneth Kalter, owned and operated an insurance agency with offices in the Village of Monticello, Sullivan County and the Town of Liberty, Sullivan County. In 1990, the business was purchased and renamed Merrell-Benco Agency, LLC.[2] The new owner attended periodic staff meetings and intentionally portrayed the agency as a continuation of the prior agency; no announcements were made either to clients or the public regarding the change in ownership. Both Cohen and Kalter were retained as vice-presidents, responsible for the agency's day-to-day operations. Cohen remained in the Monticello office, as he always had, for the next six years, in one capacity or another, facilitating its day-to-day operations. In 1996, Cohen left the agency but repurchased it in 1998 together with a silent partner, Irving Bauer. The agency was bought in Cohen's name; Bauer had no knowledge or expertise in the insurance business. It was registered as a limited liability corporation, with its articles of organization naming Cohen as its sole managing member. Cohen was also registered as Merrell-Benco's sole licensee with the Department of Insurance, as well as all other regulatory agencies in connection with the filings made on behalf of Merrell-Benco.[3]

Operating under various titles from February 1998 until April 2002, Cohen assumed total responsibility for the day-to-day operations of Merrell-Benco, having unfettered access to its books and records, and was one of several signatories on its corporate accounts; two signatures were needed for each check. Bauer established no presence in the Monticello office and was content to clothe Cohen with such authority. In December 1998, upon learning that Cohen was taking money from the agency, Bauer removed Cohen as a signatory on the accounts, but made no other changes regarding Cohen's role as its chief operating officer with authority to supervise employees and make decisions concerning Merrell-Benco's customer or business accounts. In 2000, Bauer learned that Cohen was forging his signature on fraudulent transfers of ownership interests in the agency for an exchange of money. Bauer also learned that Cohen had executed several loan agreements on behalf of Merrell-Benco with enti-

---

1. Martin Cohen is a defendant in action Nos. 1 and 3.

2. Merrell-Benco Agency, LLC is a plaintiff in action No. 1 and a defendant in action Nos. 2 and 3.

3. Cohen was also listed with the Secretary of State as the owner and agent for service of process.

ties including, but not limited to, Wolf Kraus,[4] Gaffken & Barriger Fund, LLC[5] and Pre-Fab City, Inc.[6] Bauer took no action to remove Cohen from the agency, although he clearly knew of Cohen's misappropriations and fraudulent sales. In 2002, Cohen turned over his share of the agency to Bauer who thereafter sold it to MBIA, LLC;[7] Bauer owns 99% of MBIA. Currently, Merrell-Benco and MBIA conduct an insurance business from the same premises, with their operations managed by the same staff.

Merrell-Benco and MBIA commenced the first of these actions seeking a declaratory judgment with regard to the transactions entered into by Cohen between 1998 and 2002. Gaffken & Barriger and Pre-Fab City commenced the second and third actions, respectively, to recover funds allegedly loaned by them to Merrell-Benco during this time. All three actions were tried together without a jury. Supreme Court ruled in favor of Kraus, Gaffken & Barriger and Pre-Fab City; Merrell-Benco and MBIA appeal.

Preliminarily, we reject the contention by Merrell-Benco that liability against it is precluded, by law, because it was required to have an operating agreement under the Limited Liability Company Law which would have prohibited members, like Cohen, from making or taking loans. With no requirement that an operating agreement be in effect to operate as a limited liability company (hereinafter LLC; *see Matter of Spires v Lighthouse Solutions, LLC*, 4 Misc 3d 428, 431 [2004]) and no evidence that such agreement was ever duly executed, loans obtained in the ordinary course of business need not be approved by a majority of the members of an LLC; a party lender may assume that a member of a member-managed LLC has the authority to bind the LLC (*see* Limited Liability Company Law §§ 402, 412). Here, the articles of organization provided that Merrell-Benco was a member-managed LLC.

Next addressing the determination that Cohen had authority to enter into these transactions, we recognize the deference rightfully accorded to Supreme Court when it conducts a full and fair trial and sets forth detailed findings of fact and conclusions of law after having had the unique opportunity to view the witnesses and evaluate their credibility (*see Coopers & Lybrand v Arol Dev. Corp.*, 210 AD2d 181, 182 [1994], *lv denied*

---

4. Wolf Kraus is a defendant in action No. 1.
5. Gaffken & Barriger Fund, LLC is a plaintiff in action No. 2.
6. Pre-Fab City, Inc. is a plaintiff in action No. 3.
7. MBIA, LLC is a plaintiff in action No. 1 and a defendant in action Nos. 2 and 3.

85 NY2d 804 [1995]; *Standard Bldrs. Supplies v Gush*, 206 AD2d 720, 721 [1994]). In reviewing whether Bauer, through Merrell-Benco, created the appearance that Cohen had apparent authority to incur these debts and whether these lenders reasonably relied upon such authority, we note that apparent authority does not require that Cohen's acts be done in furtherance of the principal's business (*see Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108, 113 [2002], *lv denied* 99 NY2d 508 [2003]). As explained by the Court of Appeals, "[e]ssential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority to enter into a transaction" (*Hallock v State of New York*, 64 NY2d 224, 231 [1984]); there must be a factual showing " 'that the third party relied upon the misrepresentation of the agent because of some misleading conduct on the part of the principal—not the agent' " (*id.*, quoting *Ford v Unity Hosp.*, 32 NY2d 464, 473 [1973]). While it must further be established that the third party's reliance upon the appearance of authority was reasonable (*see Standard Funding Corp. v Lewitt*, 89 NY2d 546, 551 [1997]; *Hallock v State of New York, supra* at 231; *Parlato v Equitable Life Assur. Socy. of U.S., supra* at 112; *Fleet Bank v Consola, Ricciteli, Squadere Post No. 17*, 268 AD2d 627, 629-630 [2000]; *Standard Bldrs. Supplies v Gush, supra* at 721), such showing will be satisfied where it is determined that the principal has condoned the agent's "unfettered control and operation of the corporate day-to-day business [after an] . . . inordinate . . . delay in seeking to oust [the agent] after learning of [the] alleged fraud and misappropriation" (*Coopers & Lybrand v Arol Dev. Corp., supra* at 182).

Here, the testimony established that even after Bauer learned of Cohen's financial misconduct and abuse of power, he permitted Cohen to hold himself out to both the world and the agency's employees as president/member/managing member and/or owner of this agency. Such condonation of control is critically relevant to the appearance of apparent authority because Merrell-Benco was situated in the same physical location as each and every other insurance agency which had been owned or run by Cohen prior to Bauer's investment. Further, even Cohen's personal secretary testified that she knew of no limit on his power to act on behalf of the agency from 1998 through April 2002.

Although Bauer placed certain limits on Cohen's authority, such limits were woefully inadequate and of remarkably short duration. The effect of such limitations was further undermined

when Cohen was authorized to file official documents on Merrell-Benco's behalf, ultimately becoming the sole signatory on its corporate accounts. For these reasons, we agree that Bauer clothed Cohen with apparent authority and that lenders reasonably relied upon such authority since "[t]here is a general presumption that the president of a corporation is clothed with the powers which, of necessity, inhere in the position of chief executive" (*Odell v 704 Broadway Condominium*, 284 AD2d 52, 56 [2001]). As such powers include the power to make contracts relating to the business and its operations (*see id.* at 57), and as the evidence indicates that the transactions entered into by Cohen appeared to be within the ordinary course of Merrell-Benco's business (*see Matter of Kunin*, 281 App Div 635, 637 [1953], *affd* 306 NY 967 [1954]), Supreme Court's determinations are fully supported by the record (*see Coopers & Lybrand v Arol Dev. Corp., supra* at 182).

Next addressing the contention that Merrell-Benco and MBIA are separate entities and therefore any liability owed to Kraus, Gaffken & Barriger and Pre-Fab City lies solely with Merrell-Benco and not MBIA, the record reveals that MBIA was not in existence at the time that these debts were incurred. Even if we agree that MBIA should be deemed the parent company of Merrell-Benco since it is its sole shareholder, a parent company will generally not be held liable for the obligations of its subsidiary unless "it can be shown that the parent exercised complete dominion and control over the subsidiary" (*Potash v Port Auth. of N.Y. & N.J.*, 279 AD2d 562, 562 [2001]). As the record does not contain sufficient evidence to support that claim, we fail to find any reason that MBIA should be held liable for the negligence of Merrell-Benco.

Spain, Mugglin and Rose, JJ., concur. Ordered that the judgments are modified, on the law, without costs, by reversing so much thereof as held MBIA, LLC liable, and, as so modified, affirmed.