■ MARK SEARLE et al., Respondents, v CAYUGA MEDICAL CENTER AT ITHACA, Appellant. [813 NYS2d 552]—

Kane, J. Appeals (1) from an order of the Supreme Court (Relihan, Jr., J.), entered September 9, 2004 in Tompkins County, which denied defendant's motion to set aside the verdict, and (2) from a judgment of said court, entered March 9, 2005 in Tompkins County, upon a verdict rendered in favor of plaintiffs.

Plaintiff Mark Searle (hereinafter plaintiff) was admitted to defendant hospital to undergo an operation to relieve a kidney obstruction. He was directed to defendant by his treating urologist, Sanjeev Vohra, who performed the surgery. The anesthesia was administered by Lowell Garner, an anesthesiologist who was a partner in a private medical group, Anesthesia Associates of Ithaca (hereinafter AAI). Neither Vohra nor Garner was employed by defendant, but both physicians had privileges to practice there and became members of the medical staff following approval by defendant's credentialing board. During plaintiff's operation, Garner inserted the epidural needle in the wrong space and released a high dose of lidocaine near the spinal cord, resulting in plaintiff's permanent paralysis from the waist down. Plaintiff and his wife, derivatively, commenced this medical malpractice action. After Garner and AAI settled with plaintiffs, the matter proceeded to trial against defendant on the theory of apparent agency. The jury returned a verdict awarding plaintiffs over $6 million in damages. Supreme Court denied defendant's subsequent motion to set aside the verdict. Defendant appeals from the order denying its motion and from the subsequent judgment entered in plaintiffs' favor.

Viewing the evidence in a light most favorable to plaintiffs,

defendant failed to demonstrate that no valid line of reasoning and associated permissible inferences exist which could lead rational persons to a verdict in plaintiffs' favor (*see Black v City of Schenectady,* 21 AD3d 661, 662 [2005]; *Muff v Lallave Transp.,* 3 AD3d 693, 694 [2004]). While we find that the evidence was sufficient to support a verdict in plaintiffs' favor, we must nevertheless reverse because Supreme Court's charge to the jury failed to include all of the elements necessary to establish apparent agency. Under the theory of apparent agency, a principal can be held liable for the acts of someone who is not an employee (*see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79-81 [1986]). "Essential to the creation of apparent authority are words or conduct of the principal, communicated to a third party, that give rise to the appearance and belief that the agent possesses authority" to act on behalf of the principal (*Hallock v State of New York,* 64 NY2d 224, 231 [1984]; *see Merrell-Benco Agency, LLC v HSBC Bank USA,* 20 AD3d 605, 608 [2005], *lv dismissed and denied* 6 NY3d 742 [2005]); the third party must reasonably rely upon the appearance of authority based on "some misleading conduct on the part of the *principal*—not the agent" (*Ford v Unity Hosp.,* 32 NY2d 464, 473 [1973] [emphasis added]; *see Merrell-Benco Agency, LLC v HSBC Bank USA, supra* at 608). The third party must also accept the services of the ostensible agent in reliance not upon that person's skill, but based on his or her relationship with the principal (*see Hill v St. Clare's Hosp., supra* at 82; *Nagengast v Samaritan Hosp.,* 211 AD2d 878, 880 [1995]).

Here, Supreme Court charged the jury that it could and should attribute Garner's negligence to defendant as an apparent agent "[i]f [p]laintiff reasonably believed that based upon all the surrounding circumstances . . . Garner's services were being provided by [defendant] or that Garner was otherwise acting on [defendant's] behalf," and if plaintiff's "understanding and reliance was reasonable." While this charge was based, in part, on some language from a case with similar facts (*see Torns v Samaritan Hosp.,* 305 AD2d 965, 967 [2003]), due to the procedural posture of that case—an appeal from the denial of a motion for summary judgment—we did not address all of the elements of apparent agency (*see also Soltis v State of New York,* 172 AD2d 919 [1991]; *but see Duncan v Mount St. Mary's Hosp. of Niagara Falls,* 176 Misc 2d 201 [1998]). The given charge failed to inform the jury that to establish the holding-out element, it must find misleading words or actions attributable to defendant, the principal, not merely from "all the surrounding circumstances," which implies that misleading conduct by Garner could establish that element. The court also should have

specifically instructed the jury on the reliance element, to wit, that plaintiff must have accepted Garner's services and submitted to his care in reliance on the belief that Garner was defendant's employee. Because the court's charge failed to instruct the jury as to all the necessary elements, we remit for a new trial.

We will also address some other points which presumably will arise again upon retrial. In marshaling the evidence on the apparent agency issue, Supreme Court recited facts upon which plaintiffs relied, without addressing facts supporting defendant's position. If the facts are marshaled at a new trial, they should be more evenly balanced.

Supreme Court did not err in admitting evidence of Garner's drug abuse. Trial courts may, in the exercise of their sound discretion, admit expert testimony that is based on facts in the record, derived from a source that is professionally reliable or from a witness subject to cross-examination (*see Schou v Whiteley,* 9 AD3d 706, 707-708 [2004]; *Brown v County of Albany,* 271 AD2d 819, 820 [2000], *lv denied* 95 NY2d 767 [2000]). Here, plaintiffs' expert in addictionology opined as to the high probability that Garner was under the influence, either directly or through withdrawal, of unprescribed pain medications at the time of plaintiff's surgery. This opinion was based on Garner's testimony regarding his substance abuse history, his prior and subsequent use of controlled substances, and the circumstances surrounding his drug use. Based on this record foundation, the court did not err in permitting the expert's testimony (*see Schou v Whiteley, supra* at 707-708).

Supreme Court properly charged the jury regarding the effect of Garner's invocation of his Fifth Amendment right against self-incrimination. The court instructed the jury that, due to Garner's refusal to answer questions concerning his use of drugs, it could draw the strongest inference against Garner that the opposing evidence would warrant on the issue of drug impairment at the time of plaintiff's surgery. An adverse inference may be drawn against a party in a civil action who invokes the Fifth Amendment (*see Marine Midland Bank v Russo Produce Co.,* 50 NY2d 31, 42 [1980]). While no adverse inference typically arises from the invocation of the privilege by a nonparty witness (*see Access Capital v DeCicco,* 302 AD2d 48, 52 [2002]; *State of New York v Markowitz,* 273 AD2d 637, 646 [2000], *lv denied* 95 NY2d 770 [2000]), that rule is not inflexible. The inference may be appropriate where the witness is a former party who settled, the testimony in question is directly relevant to an issue before the jury and the party being

burdened by the adverse inference may be held vicariously liable due to the witness's actions (*cf. Bikowicz v Sterling Drug,* 161 AD2d 982, 985 [1990] [permitting inference against settling tortfeasors where their conduct was relevant and jury needed to apportion liability between those tortfeasors and defendant]). As Garner's possible impairment by drugs at the time of plaintiff's surgery was directly relevant to the issue of his failure to abide by the appropriate standard of medical care, and defendant was potentially vicariously liable for Garner's negligence, the charge permitting the jury to draw an adverse inference against Garner on that issue was proper.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order and judgment are reversed, on the law, and matter remitted to the Supreme Court for a new trial on the issue of apparent agency, with costs to abide the event. [As amended by unpublished order entered July 20, 2006.]