■ MICHAEL MONOSTORI et al., Respondents, v ROBERT C. MURPHY, Defendant, and CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER, Appellant. [823 NYS2d 783]—

Mercure, J. Appeal from an order of the Supreme Court (Dawson, J.), entered July 20, 2005 in Clinton County, which denied the motion of defendant Champlain Valley Physicians Hospital Medical Center for summary judgment dismissing the complaint against it.

Plaintiff Michael Monostori (hereinafter plaintiff) was taken to the emergency room at defendant Champlain Valley Physicians Hospital Medical Center (hereinafter defendant) after his hand was crushed while he was working on an automobile. Defendant Robert C. Murphy, a board-certified plastic surgeon who was not defendant's employee but had privileges to practice there, was the specialist on call and examined plaintiff's hand. Plaintiff was then discharged from the emergency room and scheduled for surgery two days later with Murphy at an ambulatory care center owned by defendant. While at the ambulatory care center, plaintiff signed a consent for medical treatment, upon which defendant's logo appeared, and a form titled "Permission for Operative and/or Diagnostic Procedure and/or Treatment" bearing defendant's name and logo at the top. Murphy then performed surgery on plaintiff's hand.

Subsequently, in September 2002, plaintiff and his wife,

derivatively, commenced this action against Murphy and defendant, asserting a claim based on vicarious liability against defendant. Following joinder of issue, defendant moved for summary judgment dismissing the complaint against it. Supreme Court denied the motion, finding that questions of fact exist regarding defendant's apparent control of Murphy. Defendant appeals and we now affirm.

Defendant argues that it cannot be vicariously liable for Murphy's actions because he was not an employee of defendant but a specialist with privileges who was called in after the emergency room staff removed themselves from the care of plaintiff. Defendant maintains that a line must be drawn between the time that plaintiff was discharged from the emergency room and the time that he submitted himself to the care and treatment of Murphy, two days later. We disagree.

As defendant concedes, a hospital "which is held out to the public as offering medical services may be held vicariously liable for the malpractice of a treating doctor even though the owner [ ] neither participates in nor controls the diagnosis made or treatment prescribed" (*Hill v St. Clare's Hosp.*, 67 NY2d 72, 75 [1986]). Specifically, vicarious liability for the medical malpractice of an independent contractor may be imposed upon a hospital under an apparent agency theory when a third party has reasonably relied upon the appearance of the agent's authority created by the words or conduct of the hospital (*see N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 252 n 3 [2002]; *Hill v St. Clare's Hosp., supra* at 79-81; *King v Mitchell*, 31 AD3d 958, 959 [2006]). Thus, we have held that "a hospital may be held vicariously liable for the acts of independent physicians if the patient enters the hospital through the emergency room and seeks treatment from the hospital, not from a particular physician" (*Citron v Northern Dutchess Hosp.*, 198 AD2d 618, 620 [1993], *lv denied* 83 NY2d 753 [1994]; *see Mduba v Benedictine Hosp.*, 52 AD2d 450, 453-454 [1976]).

Here, in response to defendant's motion for summary judgment, plaintiff presented evidence that he entered defendant through its emergency room, had no prior relationship with Murphy or awareness of Murphy's relationship with defendant, and was treated by Murphy because he was the physician "on call" assigned by defendant. In addition, we note that plaintiff signed defendant's "Consent for General Medical Treatment" forms both at the emergency room and upon presenting himself for surgery two days later at defendant's ambulatory care center. Inasmuch as this evidence raised questions of fact regarding whether plaintiff reasonably believed that Murphy was acting

on behalf of defendant and reasonably relied upon that belief when accepting medical services from Murphy, Supreme Court properly denied defendant's motion for summary judgment (*see McDonald v Ambassador Constr. Co.*, 273 AD2d 108, 109 [2000]; *Delprete v Victory Mem. Hosp.*, 191 AD2d 673, 674 [1993]; *cf. Nagengast v Samaritan Hosp.*, 211 AD2d 878, 879-880 [1995]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is affirmed, with costs.