13-466-cv
*JMM Properties, LLC v. Erie Insurance Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of December, two thousand thirteen.

PRESENT:   DEBRA ANN LIVINGSTON,
           RAYMOND J. LOHIER, JR.,
                          Circuit Judges,
           SIDNEY H. STEIN,*
                          District Judge.

_____

JMM PROPERTIES, LLC,

                    *Plaintiff-Appellant*,

   -v-                                                    No. 13-466-cv

ERIE INSURANCE COMPANY,

                    *Defendant-Appellee*.

_____

                              HARRY A. CUMMINS (Donald R. Gerace, Law Offices
                              of Donald R. Gerace, Utica, NY, *on the brief*),
                              Wilkofsky, Friedman, Karel & Cummins, New York,
                              NY, *for Plaintiff-Appellant*.

_____

* The Honorable Sidney H. Stein, of the United States District Court for the Southern District of New York, sitting by designation.

MARCO CERCONE, Rupp, Baase, Pfalzgraf, Cunningham & Coppola LLC, Buffalo, NY, *for Defendant-Appellee*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant JMM Properties, LLC ("JMM") appeals from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*), entered January 14, 2013. The district court granted summary judgment on the motion of Defendant-Appellee Erie Insurance Company ("Erie"), based on the criminal conduct of one of JMM's managing members, Jeffrey E. Truman, Sr. ("Truman"). The facts and procedural history of Truman's criminal case are set out in a previous opinion of this Court, which reinstated a federal jury's guilty verdict against Truman for arson, mail fraud, and use of fire in the commission of a felony. *See United States v. Truman*, 688 F.3d 129, 134-38 (2d Cir. 2012). This action arises from JMM's claim for insurance indemnification on the building whose arson was the genesis of the criminal case. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

**I. Binding Authority**

First, the district court correctly held that Truman's submission of a fraudulent insurance claim was binding on JMM. Under both the limited liability company ("LLC") operating agreement adopted by JMM (the "Operating Agreement") and the New York Limited Liability Company Law ("LLC Law"), Truman had the power to bind JMM. Under the Operating Agreement, Truman is named a managing member and thereby "given the authority to bind the Company" in matters that

2

squarely include the submission of a claim on fire insurance for the main asset managed by the LLC.[1]

The LLC Law confirms that Truman's actions in submitting the insurance claim were binding on JMM. Pertinently, the law states:

> [T]he act of every manager, including the execution in the name of the limited liability company of any instrument, for apparently carrying on in the usual way the business of the limited liability company binds the limited liability company, unless (A) the manager acting has in fact no authority to act for the limited liability company in the particular matter and (B) the person with whom he or she is dealing has knowledge of the fact that the manager has no such authority.

N.Y. Ltd. Liab. Co. Law § 412(b)(2). Even if Truman lacked actual authority to commit fraud, the LLC Law makes clear that his actions were binding on JMM as long as he had apparent authority: *i.e.*, that he acted "apparently carrying on in the usual way the business of the limited liability company." *Id.*; *see also Merrell-Benco Agency, LLC v. HSBC Bank USA*, 799 N.Y.S.2d 590, 592 (App. Div. 3d Dep't 2005) ("[A] party lender may assume that a member of a member-managed LLC has the authority to bind the LLC."); *cf. Goldston v. Bandwidth Tech. Corp.*, 859 N.Y.S.2d 651, 655 (App. Div. 1st Dep't 2008) (stating, in the context of a corporation, that "an agreement entered into within the exercise of a corporate officer's apparent authority is binding on the corporation without regard to the officer's lack of actual authority"). Because Truman was one of the managing members of the LLC and had the apparent authority to submit the insurance claim in question, that action was binding on JMM.

---

[1] The Operating Agreement grants Truman the power to do "all things necessary or convenient to carry out the business and affairs of the Company," including "conduct[ing] the Company's business . . . and exercis[ing] the powers of the Company"; "purchas[ing] liability and other insurance to protect the Company's business and Property"; and "execut[ing], acknowledg[ing] and deliver[ing] any and all instruments to effectuate the foregoing." The business of the company in question is defined, *inter alia*, as "own[ing] . . . manag[ing], financ[ing]," and "otherwise operat[ing] the Asset" – *i.e.*, the property in question.

Under the terms of JMM's insurance policy with Erie (the "policy"), the submission of a fraudulent insurance claim negates coverage. The "New York Changes – Fraud" policy endorsement states that no coverage will be provided "for any insured . . . who has made fraudulent statements or engaged in fraudulent conduct in connection with any loss . . . or damage for which coverage is sought under this policy." J.A. 105. The "Commercial Property Conditions" section of the policy states that the policy "is void in any case of fraud by you as it relates to this Coverage Part at any time." *Id.* at 99. The language of the policy clearly encompasses JMM's claim on the policy, signed by Truman, for the damage caused by the arson, and accordingly precludes JMM's recovery.

Our determination comports with general principles of agency law, which establish that "a principal is liable to third parties for the acts of an agent operating within the scope of his real or apparent authority." *Citibank, N.A. v. Nyland (CF8) Ltd.*, 878 F.2d 620, 624 (2d Cir. 1989); *see also Adler v. Helman*, 564 N.Y.S.2d 828, 830 (App Div. 3d Dep't 1991) ("A principal is liable for the fraudulent acts of his agent committed within the scope of his authority . . . ."). The rationale for this rule is well established:

> [T]he principal, by virtue of its ability to select its agents and to exercise control over them, is in a better position than third parties to prevent the perpetration of fraud by such agents through the misuse of their positions. Thus, the principal should not escape liability when an innocent third person suffers a loss as the result of an agent's abuse, for his own fraudulent purposes, of the third person's reasonable reliance on the apparent authority with which the principal has invested the agent. Stated otherwise, "as between two innocent parties the one who has allowed the fraud to be perpetrated should bear the loss."

*Parlato v. Equitable Life Assurance Soc'y*, 749 N.Y.S.2d 216, 221 (App. Div. 1st Dep't 2002) (citations omitted). Accordingly, JMM's insurance claim is barred, and summary judgment was properly granted to Erie.[2]

---

[2] Because this ground is sufficient to affirm the judgment of the district court, we need not reach the question of whether Truman's criminal conduct can be imputed to JMM.

4

**II. Issues of Material Fact**

JMM also argues that the district court made determinations on issues of material fact in its decision granting Erie's motion for summary judgment. We disagree. The only facts on which the district court needed to rely were (1) the criminal judgment, which conclusively proves that Truman committed the arson and resulting insurance fraud;[3] (2) Truman's undisputed status as a managing member of JMM and his apparent authority to conduct business related to JMM's insurance policy with Erie; and (3) Truman's submission of a claim on the policy after committing arson on the building in question. No disputed facts needed to be decided to support the resolution of this case.[4]

We have considered all of Plaintiff-Appellant's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] *See Singleton v. City of New York*, 632 F.2d 185, 205 (2d Cir. 1980) (noting that under New York law, a criminal conviction is "conclusive proof" of a fact for purposes of a later civil suit (citing *S.T. Grand, Inc. v. City of New York*, 298 N.E.2d 105 (N.Y. 1973))).

[4] JMM also requests that we certify the questions of state law discussed above to the New York Court of Appeals. We decline to do so, as our decision follows from established New York statutory and decisional law.

5