Clark, J.
Appeal from an order of the Court of Claims (Schaewe, J.), entered April 21, 2014, upon a decision of the court following a trial pursuant to CPLR 3212 (c), which, among other things, denied defendant’s motion for partial summary judgment.
In July 2008, claimant filed this medical malpractice action against defendant alleging that he did not receive adequate medical care while he was in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS) as an inmate at the Woodbourne Correctional Facility. Claimant contends that his injuries are, in relevant part, a result of *1109 the treatment and operations performed by Stephen Schwartz and Jonathan Holder, doctors who provided care pursuant to written contracts with DOCCS. Claimant asserted allegations against DOCCS based on its own negligence and for vicarious liability.
Upon remittal following this Court’s reversal with respect to a motion to dismiss (80 AD3d 858 [2011]), the Court of Claims considered defendant’s motion for partial summary judgment dismissing the medical malpractice claims based on vicarious liability and found that a triable issue of fact precluded the granting of the motion. The court then ordered an immediate trial limited to only that issue of fact and found that claimant reasonably believed that Schwartz and Holder were acting as ostensible agents of defendant thereby potentially rendering defendant vicariously liable for any acts of malpractice by the doctors. Defendant now appeals and we reverse.
Insofar as claimant seeks to hold defendant vicariously liable for the asserted negligence of Schwartz and Holder, we find that defendant’s motion for partial summary judgment should have been granted. “It is fundamental law that [defendant] has a duty to provide reasonable and adequate medical care to the inmates of its prisons” (Rivers v State of New York, 159 AD2d 788, 789 [1990], lv denied 76 NY2d 701 [1990]). Doctors that provide medical care for inmates — whether in an employment or independent contractor context — remain subject to the traditional rules of medical malpractice (see Rivers v State of New York, 159 AD2d at 789). Traditionally, a hospital or medical facility is liable only for the medical malpractice of its employees and not that of independently contracted doctors (see Hill v St. Clare’s Hosp., 67 NY2d 72, 79 [1986]; Friedland v Vassar Bros. Med. Ctr., 119 AD3d 1183, 1184 [2014]). However, a hospital or an entity, such as DOCCS, may be vicariously liable for the medical malpractice of independent contractors in certain circumstances based on a theory of “agency or control in fact, or apparent or ostensible agency” (Kavanaugh v Nussbaum, 71 NY2d 535, 547 [1988]; see Soltis v State of New York, 172 AD2d 919, 919-920 [1991]; Mduba v Benedictine Hosp., 52 AD2d 450, 452 [1976]).
As relevant here, ostensible agency imposes vicarious liability upon defendant for the alleged malpractice of an independently contracted doctor when an inmate has reasonably relied upon the appearance of the doctor’s authority created by the words or conduct of DOCCS (see Hill v St. Clare’s Hosp., 67 NY2d at 79-82; Monostori v Murphy, 34 AD3d 882, 883 [2006]). “The applicability of the doctrine depends upon *1110 whether the plaintiff could have reasonably believed, based upon all of the surrounding circumstances, that the treating physician was provided by the defendant... or was otherwise acting on the defendant’s behalf” (Soltis v State of New York, 172 AD2d at 920 [citations omitted]). Essential to such a claim is the existence of words or conduct on the part of DOCCS that give rise to the appearance and belief that the doctors were acting on its behalf (see Hallock v State of New York, 64 NY2d 224, 231 [1984]; Searle v Cayuga Med. Ctr. at Ithaca, 28 AD3d 834, 836 [2006]) and reliance on that apparent authority (see Brink v Muller, 86 AD3d 894, 896 [2011]; King v Mitchell, 31 AD3d 958, 959 [2006]).
Relying on Soltis, claimant contends that the Court of Claims properly determined that he reasonably believed that Schwartz and Holder were agents of DOCCS. Upon our review of the record, we disagree. The record reflects that claimant signed, acknowledged and understood multiple consent forms, which were on letterhead stating “Sound Shore Health System, The Mount Vernon Hospital” and authorized Schwartz and Holder to perform operative procedures at the Mount Vernon Hospital without reference to DOCCS. Thus, the facts here are distinguishable from Soltis.
Importantly, the record here neither explicitly contains nor supports allegations that DOCCS misled claimant as to the status of either Schwartz or Holder. To the contrary, while claimant may not have been explicitly informed of the employment relationship between DOCCS and the doctors, the record demonstrates that claimant’s request for a second opinion was honored and, further, that claimant was told that he could seek treatment elsewhere at his own expense. Additionally, claimant’s surgery took place outside of the prison without the involvement of any prison employees and, as noted above, claimant signed consent forms that did not reference DOCCS. Thus, because there was a failure to demonstrate all of the elements necessary to establish apparent agency (see Searle v Cayuga Med. Ctr. at Ithaca, 28 AD3d at 836), defendant’s motion for summary judgment with respect to the claim of vicarious liability should have been granted (see Sledziewski v Cioffi, 137 AD2d 186, 188 [1988]).
Defendant’s remaining contentions have been rendered academic by our holding herein.
Lahtinen, J.R, Garry and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, without costs, and defendant’s motion for partial summary judgment granted.