■ ANNA DE SIMONE et al., Respondents, v. LUTHERAN MEDICAL CENTER, Appellant.— In a medical malpractice action to recover damages for personal injury, etc., defendant appeals from an order of the Supreme Court, Kings County, dated May 12, 1969, which granted plaintiffs' motion for summary judgment and, *inter alia*, ordered an assessment of damages. Order reversed, on the law, without costs, and motion denied. The injured plaintiff, Mrs. De Simone, claims to have been given a blood transfusion of the wrong type blood while in the defendant hospital. Plaintiffs rely on the doctrine of *res ipsa loquitur*, but it is well established that the inferences created by this doctrine are for the triers of the fact (*George Foltis, Inc.* v. *City of New York*, 287 N. Y. 108; *Benson* v. *Bohack Food Markets*, 33 A D 2d 908). In addition, Special Term based its decision on conclusions not supported in the record. There is no support for the court's finding that plaintiffs' medical expert condemned the hospital's procedures as "wholly inadequate and insufficient by any reasonable standards." The affidavit of defendant's expert, which should have been considered by Special Term, raised triable issues as to whether errors in transfusions may occur despite compliance with standard procedures and as to whether the erroneous blood transfusion was the proximate cause of Mrs. De Simone's injury. Also, the record raises triable issues as to whether the acts of the technician under the hurried circumstances were negligently performed, whether Mrs. De Simone's own attending physician was negligent in caring for her, and, if so, whether such negligence was the cause of her injury. Accordingly, there should be a trial of the issues. Brennan, Acting P. J., Rabin, Hopkins, Martuscello and Kleinfeld, JJ., concur.

■ WILLIMINHA DONLIN, as Administratrix of the Estate of DANIEL T. DONLIN, Deceased, Appellant, v. HEMINGWAY TRANSPORT, INC., Respondent.— In a negligence action to recover damages for wrongful death and conscious pain and suffering, plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County, entered February 25, 1969, as, on reconsideration, adhered to the original determination denying her a general preference for trial. Order reversed insofar as appealed from, on the law and the facts and in the exercise of discretion, with $10 costs and disbursements, and general preference granted. In our opinion, the conflict of medical opinion as to the causal relationship between the accident and the death of plaintiff's husband must be resolved at a trial (*Koblein* v. *City of New York*, 30 A D 2d 965; *Martin* v. *Suarez*, 30 A D 2d 947; *Kahane* v. *Meehan*, 24 A D 2d 768; cf. *Kennedy* v. *Jere J. Cronin, Inc.*, 33 A D 2d 564). Christ, Acting P. J., Hopkins, Kleinfeld, Brennan and Benjamin, JJ., concur.