■ RICHARD A. NOBLE, Respondent, v JOHN A. PORTER et al., Defendants, and CLIFTON SPRINGS HOSPITAL & CLINIC et al., Appellants.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Defendants Clifton Springs Hospital & Clinic (Hospital) and HCA Management Corp., Inc. (HMC) appeal from so much of Supreme Court's order as denied the Hospital's motion for summary judgment on plaintiff's first cause of action on the theory of vicarious liability, and denied HMC's motion for summary judgment on the first cause of action for medical malpractice in its entirety. The Hospital and HMC contend that they cannot be held vicariously liable for the alleged medical malpractice of defendant doctors Porter and Biery, who were plaintiff's private physicians and not employees of the Hospital.

As a general rule, a hospital cannot be held vicariously liable for the malpractice of a treating physician who is not an employee of the hospital (Raschel v Rish, 69 NY2d 694, 697; Hill v St. Clare's Hosp., 67 NY2d 72, 79). A hospital can be held vicariously liable, however, for the acts of independent physicians if the patient enters the hospital through the emergency room seeking treatment from the hospital, not from a particular physician (Mduba v Benedictine Hosp., 52 AD2d 450, 453). Such a factual situation may present a question of fact whether the patient could have reasonably

believed that the treating physician was provided by the hospital or otherwise acting on the hospital's behalf *(see, Casucci v Kenmore Mercy Hosp.,* 144 AD2d 910).

From our review of the record, we conclude that there is sufficient evidence to warrant submission of the issue of the Hospital's vicarious liability for the alleged medical malpractice of Drs. Porter and Biery to the jury *(see, Augeri v Massoff,* 134 AD2d 308, 309). We do not find sufficient evidence to support a claim against HMC based upon a theory of vicarious liability. There is sufficient evidence in the record, however, to support a claim of liability against HMC for the alleged medical malpractice of other members of the Hospital staff over which HMC exercised some degree of control and supervision.

Therefore, we modify the order appealed from to grant HMC's motion for summary judgment with respect to plaintiff's claim based upon vicarious liability for the alleged medical malpractice on the part of defendant doctors and otherwise affirm. (Appeal from Order of Supreme Court, Ontario County, Henry, Jr., J.—Dismiss Cause of Action.) Present—Callahan, J. P., Boomer, Lawton, Davis and Doerr, JJ.