■ EILEEN RYAN, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORPORATION, Appellant. [633 NYS2d 500] —In an

action to recover damages for personal injuries based on medical malpractice, the defendant New York City Health and Hospitals Corporation appeals from (1) stated portions of an order of the Supreme Court, Kings County (Scholnick, J.), entered October 20, 1993, which, *inter alia,* denied the branch of its motion pursuant to CPLR 4404 which was to set aside the verdict and direct that judgment be entered in its favor as a matter of law, and (2) a judgment of the same court, entered November 7, 1994, which, upon a jury verdict finding the appellant 90% at fault in the happening of the accident, a jury award to the plaintiff of the principal sum of $5,000,000 damages for past and future pain and suffering, the consent by the plaintiff to a reduction of damages to the principal sum of $3,000,000, and the set-off of $1,500,000 from a prior settlement, is in favor of the plaintiff and against the appellant in the principal sum of $1,500,000.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the portion thereof awarding the plaintiff the principal sum of $1,500,000 and substituting therefor a provision granting a new trial on the issue of damages only; as so modified, the judgment is affirmed, with costs to the appellant, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for past and future pain and suffering to the principal sum of $2,500,000 and to reduce the amount payable by the appellant to the principal sum of $1,000,000 ($2,500,000 reduced by the amount of the prior settlement), and to the entry of an appropriate amended judgment; in the event that the plaintiff so stipulates, then the judgment, as reduced and amended, is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate amended judgment.

In this action to recover damages for medical malpractice, the plaintiff obtained a verdict against the appellant New York City Health and Hospitals Corporation. The appellant contends that the trial court improperly instructed the jury that the appellant could be held liable, based on the doctrine of vicarious liability, for the omissions of Dr. Lawrence B. Lehman, even though Dr. Lehman was not an employee of the appellant's hospital. This argument was not preserved for appellate review

(see, CPLR 4110-b, 5501 [a] [3]; *Stern v Waldbaum, Inc., No. 10,* 109 AD2d 789). In any event, the trial court's instruction was proper under the circumstances (see, *Mduba v Benedictine Hosp.,* 52 AD2d 450; *Citron v Northern Dutchess Hosp.,* 198 AD2d 618). Although generally a hospital may not be held liable for the malpractice of a physician who is not an employee of the hospital (see, e.g., *Sledziewski v Cioffi,* 137 AD2d 186, 188-189), a hospital may be held vicariously liable for the acts of independent physicians if the patient, as occurred in the case at bar, enters the hospital through the emergency room and seeks treatment from the hospital, not from a particular physician (see, *Mduba v Benedictine Hosp., supra,* at 453; *see also, Noble v Porter,* 188 AD2d 1066; *Agustin v Beth Israel Hosp.,* 185 AD2d 203, 205-206; *Soltis v State of New York,* 172 AD2d 919).

Dr. Lehman was originally a defendant in the action but settled with the plaintiff at the start of the trial. During the trial, the appellant, solely in reliance on CPLR 3117 (a) (4), attempted to read a portion of Dr. Lehman's examination before trial (hereinafter EBT) into the record. The trial court denied this request but later allowed the plaintiff, during rebuttal, to read into the record a different portion of the same EBT of Dr. Lehman. The appellant contends that it had the same right as the plaintiff to read a portion of Dr. Lehman's EBT into the record, pursuant to CPLR 3117 (a) (4), and that the trial court erred in denying that request. However, even assuming arguendo that the appellant is correct in its argument (but see, 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3117.08; 22d Ann Report of NY Jud Conf, at 266-267), any error by the trial court in this regard would not require reversal. The excluded portion of Dr. Lehman's EBT simply indicated that he was employed by Maimonides Hospital and not the appellant. However, employment contracts unknown to a patient admitted to a hospital through the emergency room do not affect the principle of vicarious liability (*Mduba v Benedictine Hosp., supra).* Accordingly, any error in this regard must be considered harmless (see, CPLR 2002).

Further, the jury's apportionment of liability was not against the weight of the evidence, since the jury could have reached their verdict on a fair interpretation of the evidence presented (see, CPLR 4404; *Nicastro v Park,* 113 AD2d 129).

Finally, we find that the jury's award for past and future pain and suffering was excessive to the extent indicated. Mangano, P. J., Balletta, Pizzuto and Santucci, JJ., concur.