■ ARLENE LITWAK, as Administratrix of the Estate of MYRON LITWAK, Deceased, Appellant-Respondent, v OUR LADY OF VICTORY HOSPITAL OF LACKAWANNA, Respondent-Appellant, et al., Defendants. (Appeal No. 3.) [660 NYS2d 914] —Amended order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: In this medical malpractice action arising out of treatment of plaintiff's decedent in a hospital emergency room (*see, Litwak v Our Lady of Victory Hosp.*, 238 AD2d 879 [decided herewith]), plaintiff appeals from an amended order insofar as it granted the motion of defendant Our Lady of Victory Hospital of Lackawanna (OLV) for summary judgment dismissing the cause of action against OLV for the alleged malpractice of defendant Kenneth H. Eckhert, Jr., M.D., and denied plaintiff's cross motion for summary judgment on that cause of action. OLV cross-appeals from the amended order insofar as it denied its motion for summary judgment dismissing the cause of action against OLV for the alleged negligence of its staff in following Eckhert's order to discharge decedent.

Supreme Court erred in dismissing the cause of action seeking to hold OLV vicariously liable for Eckhert's alleged malpractice. As a general rule, a hospital will not be held vicariously liable for the malpractice of a treating physician who is not an employee of the hospital (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72, 79). However, where a patient presents himself at an emergency room, seeking treatment from the hospital and not from a particular physician of the patient's choosing, the hospital may be held vicariously liable for the malpractice of a physician who is an independent contractor. The issue turns on control and apparent agency; where the hospital determines how and by whom the patient will be treated and brings in an independent physician who commits malpractice, the hospital may be held vicariously liable (*see, Hill v St. Clare's Hosp., supra*, at 79-81; *Noble v Porter*, 188 AD2d 1066; *Casucci v Kenmore Mercy Hosp.*, 144 AD2d 910).

Here, decedent went to the emergency room with no expectation that he would be treated by a particular physician of his own choosing. It was the emergency room staff who selected Eckhert and called him in as a specialist. Under the circumstances, there is a triable question of fact whether Eckhert treated decedent while under the control, and as an apparent agent, of defendant OLV. We thus modify the amended order by denying OLV's motion for summary judgment and reinstating the cause of action seeking to hold OLV vicariously liable for Eckhert's alleged malpractice. We affirm that part of the

amended order denying plaintiff's cross motion for summary judgment on that cause of action.

With respect to the cross appeal, we conclude that the court properly denied OLV's motion for summary judgment dismissing the cause of action against OLV for the alleged negligence of its staff in following Eckhert's order to discharge decedent. As a general rule, a hospital is protected from liability where " 'its professional staff follows the orders of private physicians selected by the patient' " (*Nagengast v Samaritan Hosp.*, 211 AD2d 878, 880, quoting *Pollicina v Misericordia Hosp. Med. Ctr.*, 158 AD2d 194, 198, *lv dismissed* 76 NY2d 934; *see also, Toth v Community Hosp.*, 22 NY2d 255, 265, *rearg denied* 22 NY2d 973). Here, however, that rule is not applicable because Eckhert was not acting as a physician selected by the patient, but rather was acting as a specialist called in by OLV. Given the existence of a possible agency relationship between Eckhert and OLV, we see no basis for relieving OLV from liability merely because its other agents followed Eckhert's order. Moreover, the hospital should be denied the benefit of the general rule to the extent that the alleged negligence of its other agents may have contributed to Eckhert's alleged malpractice in discharging decedent. Plaintiff alleges that the emergency room staff knew or should have known of decedent's dropping blood pressure and elevating pulse rate and should have informed Eckhert. Under the circumstances, there is a triable question of fact whether the hospital is liable. (Appeals from Amended Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.