(November 9, 1998)

■ AVONDALE S. ABRAHAM et al., Respondents, v ELINOR G. DULIT et al., Defendants, and WHITE PLAINS HOSPITAL CENTER, Appellant. [679 NYS2d 707] —In an action to recover damages for medical malpractice, etc., the defendant White Plains Hospital Center appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), dated October 16, 1997, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

As a general rule, a hospital may not be held vicariously liable for the malpractice of a private attending physician who is not an employee of the hospital (*see, Hill v St. Clare's Hosp.*, 67 NY2d 72). However, an exception to this rule exists where the patient enters the hospital through the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing (*see, Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881; *Ryan v New York City Health & Hosps. Corp.*, 220 AD2d 734). Contrary to the appellant's contention, the evidence submitted in support of its motion for summary judgment was insufficient to demonstrate, as a matter of law, that the injured plaintiff entered the hospital's emergency room seeking treatment from a privately-selected physician rather than from the hospital itself. Accordingly, the Supreme Court properly found that an issue of fact exists as to whether the hospital should be held liable on the ground of apparent or ostensible agency for acts of malpractice allegedly committed by Dr. Gabrielle Bolton (*see, Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881, *supra*; *Gunther v Staten Is. Hosp.*, 226 AD2d 427). Joy, J. P., Friedmann, Krausman and Luciano, JJ., concur.