■ JAIME LEWIS et al., Respondents, v RICHARD B. MANIS, Defendant, and JONES MEMORIAL HOSPITAL, Appellant. [697 NYS2d 428] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied that part of the motion of defendant Jones Memorial Hospital (Hospital) seeking summary judgment dismissing the claim that it is vicariously liable for the alleged malpractice of defendant Dr. Richard B. Manis, the attending orthopedic surgeon called in to treat Jaime Lewis (plaintiff). A hospital may be held vicariously liable for the acts of a physician who is an independent contractor where the patient presents himself to the hospital emergency room for treatment and "the hospital determines how and by whom the patient will be treated" (*Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881; *see also, Henderson v Marx*, 251 AD2d 988; *Noble v Porter*, 188 AD2d 1066). Plaintiff presented himself to the Hospital and was seen by the emergency room physician, who called in Manis as the orthopedic specialist. At that point, Manis made a diagnosis, and two days later he performed surgery. The Hospital failed to meet its initial burden of establishing as a matter of law that it may not be held vicariously liable for the alleged malpractice of Manis in making the diagnosis and performing surgery (*see generally,*

*Zuckerman v City of New York*, 49 NY2d 557, 562). In any event, even assuming, arguendo, that the Hospital met its burden, we conclude that plaintiffs raised an issue of fact whether they could have reasonably believed that the physician was provided by the Hospital or was otherwise acting on the Hospital's behalf when the surgery was performed (*see, Augeri v Massoff*, 134 AD2d 308; *see also, Noble v Porter, supra*, at 1066-1067). (Appeal from Order of Supreme Court, Allegany County, Nenno, J.—Summary Judgment.) Present—Denman, P. J., Pine, Wisner, Pigott, Jr., and Callahan, JJ.