■ PATRICIA PADULA, Appellant, v YVETTE I. BUCALO et al., Defendants, and TERRACE HEIGHTS HOSPITAL, Respondent. [698 NYS2d 911] —In an action to recover damages for medical malpractice, the plaintiff appeals, on the ground of inadequacy, from a judgment of the Supreme Court, Nassau County (Feuerstein, J.), dated August 19, 1998, which, upon a jury verdict, is in her favor and against the defendant Terrace Heights Hospital only in the sum of $246,617.08.

Ordered that the judgment is affirmed, with costs.

We reject the plaintiff's contention that the Supreme Court should have charged the jury that the defendant Terrace Heights Hospital (hereinafter the hospital) could be held vicariously liable for the alleged negligence of the defendant Dr. Robert Goldberger, and the nonparty Dr. Jeffrey Applebaum. As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee (*see, Hill v St. Clare's Hosp.,* 67 NY2d 72; *Abraham v Dulit,* 255 AD2d 345). An exception to this rule exists where the patient enters the hospital through the emergency room seeking treatment from the hospital and not from a particular

physician of the patient's choosing (*see, Abraham v Dulit, supra*; *Litwak v Our Lady of Victory Hosp.*, 238 AD2d 881; *Ryan v New York City Health & Hosps. Corp.*, 220 AD2d 734).

The plaintiff failed to introduce any credible evidence from which a jury could have concluded that the doctors at issue were hospital employees, and there was no evidence supporting a finding that the exception to the general rule applied here.

The plaintiff's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and McGinity, JJ., concur.