■ VERNELL WOODARD, Appellant, v LAGUARDIA HOSPITAL, Also Known as NORTH SHORE HOSPITAL, Respondent, et al., Defendant. [723 NYS2d 109] —In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Price, J.), dated May 18, 2000, which denied her motion to vacate an order of the same court, dated October 14, 1999, granting the motion of the defendant North Shore University Hospital s/h/a LaGuardia Hospital a/k/a North Shore Hospital to dismiss the complaint insofar as asserted against it, upon her default in responding to the motion.

Ordered that the order is affirmed, with costs.

The Supreme Court properly denied the plaintiff's motion to vacate her default in responding to the motion for summary judgment by the defendant North Shore University Hospital s/h/a LaGuardia Hospital a/k/a North Shore Hospital (hereinafter North Shore) dismissing the complaint insofar as asserted against it, as the plaintiff failed to demonstrate that she had a meritorious cause of action against North Shore. The plaintiff sought to impose liability on North Shore for alleged negligent treatment provided by the defendant Dr. Shelly Wang, her primary personal physician for 20 years, while she was a patient at North Shore.

"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Padula v Bucalo,* 266 AD2d 524; *see also, Hill v St. Clare's Hosp.,* 67 NY2d 72, 79; *Johanessen v Singh,* 259 AD2d 670). An exception to the general rule exists where a patient enters the hospital through the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing (*see, Padula v Bucalo, supra*; *Abraham v Dulit,* 255 AD2d 345; *Litwak v Our Lady of Victory Hosp.,* 238 AD2d 881). The plaintiff failed to present any evidence that Dr. Wang was an employee of North Shore or that the exception to the general rule applies here (*see, Padula v Bucalo, supra*). Furthermore, the plaintiff failed to present medical evidence to refute the opinion of North Shore's expert that no independent acts of negligence were committed by any employees of North Shore (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320). O'Brien, J. P., Ritter, Goldstein and Smith, JJ., concur.