■ DONNA VENTURA, Appellant, v BETH ISRAEL MEDICAL CENTER et al., Respondents. [747 NYS2d 595] ■

On the evening of December 8, 1996, the decedent went to Beth Israel Medical Center (hereinafter Beth Israel) complaining of chest pain, dizziness, and shortness of breath. While in the emergency room, the decedent's wife telephoned her sister-in-law, who was employed in the hospital's EKG Department, and asked her to recommend a cardiologist. Based on this rec-

ommendation, the decedent's wife asked Dr. Mitchell Lipton to treat the decedent, and upon the decedent's admission to the hospital, Dr. Lipton acted as his private attending physician. Shortly after the decedent's release from the hospital, Dr. Lipton scheduled a thallium stress test to determine whether the decedent's shortness of breath was related to heart or lung disease. The thallium test was administered at Highway Imaging Associates (hereinafter Highway Imaging), and interpreted by Dr. David M. Rosenthal. Dr. Rosenthal found that while there was a possibility that the decedent, a heavy smoker, had pulmonary disease, there was no evidence of heart disease. Following the stress test, the decedent sought no further medical treatment until he suffered a heart attack and died approximately one year later.

The decedent's wife subsequently commenced this action against Beth Israel, Dr. Lipton, Highway Imaging, and Dr. Rosenthal, essentially claiming that they committed malpractice by failing to diagnose and treat the decedent's cardiac disease, which resulted in his premature death one year later. After depositions of the parties were conducted, Beth Israel moved for summary judgment, contending, among other things, that it could not be held liable for any acts of malpractice allegedly committed by Dr. Lipton because he had been voluntarily selected by the decedent's family to be the decedent's private attending cardiologist. Highway Imaging and Dr. Rosenthal also moved for summary judgment, relying, in part, upon an expert affidavit which stated that the thallium stress test administered to the decedent was technically excellent and revealed no evidence of heart disease. The Supreme Court granted summary judgment to the moving defendants, and the plaintiff now appeals.

Contrary to the plaintiff's contention, the Supreme Court properly awarded summary judgment to Beth Israel. "As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Woodard v LaGuardia Hosp.,* 282 AD2d 529, 530 [internal quotation marks omitted]; *Padula v Bucalo,* 266 AD2d 524; *see also Hill v St. Clare's Hosp.,* 67 NY2d 72, 79). Although an exception to this rule is recognized where a patient enters a hospital through its emergency room seeking treatment from the hospital and not a particular physician of the patient's choosing (*see Woodard v LaGuardia Hosp., supra; Padula v Bucalo, supra*), in support of its motion for summary judgment, Beth Israel submitted evidence which established that the plaintiff selected Dr. Lipton as the decedent's attend-

ing cardiologist based upon the recommendation of her sister-in-law. In opposition to Beth Israel's motion, the plaintiff failed to come forward with any competent evidence to establish that she and the decedent believed that he was receiving medical care from the hospital in general, rather than from Dr. Lipton, the cardiologist of their choice. Moreover, the affidavit of the plaintiff's expert was insufficient to raise a triable issue of fact as to whether Dr. Lipton's decision to discharge the decedent without conducting a cardiac catheterization was so contraindicated by normal practice that the hospital staff should have inquired into the correctness of the decision (see *Cook v Reisner,* 295 AD2d 466; *Filippone v St. Vincent's Hosp. & Med. Ctr. of N.Y.,* 253 AD2d 616). Under these circumstances, Beth Israel cannot be held vicariously liable for Dr. Lipton's alleged negligence (see *Culhane v Schorr,* 259 AD2d 511).

Furthermore, the Supreme Court properly granted the motion of Highway Imaging and Dr. Rosenthal. These defendants made a prima facie showing of their entitlement to summary judgment by submitting evidentiary proof which demonstrated that the thallium stress test was properly conducted, and that Dr. Rosenthal did not depart from good and accepted radiology practice in interpreting the test results. The conclusory affidavit of the plaintiff's expert, which failed to address the deposition testimony of the defendant physicians relating to the procedures followed in administering the test, and the interpretation of the test results, was insufficient to raise a triable issue of fact as to whether Highway Imaging and Dr. Rosenthal committed malpractice (see *Bourgeois v North Shore Univ. Hosp. at Forest Hills,* 290 AD2d 525; *Fhima v Maimonides Med. Ctr.,* 269 AD2d 559; *Kaplan v Hamilton Med. Assoc.,* 262 AD2d 609). Ritter, J.P., Krausman, McGinity and Luciano, JJ., concur.