■ JULIE RIZZO et al., Appellants, v STATEN ISLAND UNIVERSITY HOSPITAL, Respondent, et al., Defendants. [815 NYS2d 162]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated December 10, 2004, as granted that branch of the motion of the defendants Staten Island University Hospital and the defendant John Capatorto which was for summary judgment dismissing the complaint insofar as asserted against the defendant Staten Island University Hospital.

Ordered that the order is affirmed insofar as appealed from, with costs.

"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (*Padula v Bucalo,* 266 AD2d 524 [1999]; *see Hill v St. Clare's Hosp.,* 67 NY2d 72, 79 [1986]; *Johanessen v Singh,* 259 AD2d 670 [1999]). An exception to the general rule exists when a patient enters the hospital through the emergency room seeking treatment from the hospital and not from a particular physician chosen by the patient (*see Padula v Bucalo, supra*; *Abraham v Dulit,* 255 AD2d 345 [1998]; *Litwak v Our Lady of Victory Hosp. of Lackawanna,* 238 AD2d 881 [1997]).

Here, the plaintiffs failed to rebut the defendant Staten Island University Hospital's (hereinafter the Hospital) prima facie showing that the defendant John Capatorto was not an employee of the Hospital and that the exception to the general rule

did not apply (*see Padula v Bucalo, supra*). Furthermore, the plaintiffs failed to present medical evidence to refute the opinion of the Hospital's expert that no independent acts of negligence were committed by any employees of the Hospital or, alternatively, to identify an action or omission by an identified employee of the hospital which caused the plaintiff's injury (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Accordingly, the Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against the Hospital. Miller, J.P., Santucci, Rivera and Lifson, JJ., concur.