JOSEPH SALVATORE, Respondent, v WINTHROP UNIVERSITY MEDICAL CENTER et al., Appellants. [829 NYS2d 183]—

In an action to recover damages for medical malpractice, the defendant William Sonstein appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roberto, J.), entered December 23, 2004, as granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability for medical malpractice as to him and to strike his answer based on spoliation of evidence, and the defendant Winthrop University Medical Center separately appeals, as limited by its brief, from so much of the same order as granted those branches of the plaintiff's cross motion which were for summary judgment on the issue of liability for medical malpractice as to it and to strike its answer based on spoliation of evidence, and denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's cross motion and substituting therefor a provision denying the plaintiff's cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants.

The plaintiff commenced this medical malpractice action alleging that the defendant William Sonstein's negligence in performing an emergency procedure caused a catheter, used during the procedure, to break and remain lodged in his brain. To establish a prima facie entitlement to summary judgment on the issue of liability for medical malpractice, the plaintiff was required to demonstrate, as a matter of law, that the defendant doctor departed from good and accepted standards of medical practice and that the departure was the proximate cause of his injury (*see Biggs v Mary Immaculate Hosp.*, 303 AD2d 702, 703 [2003]; *Roseingrave v Massapequa Gen. Hosp.*, 298 AD2d 377, 379 [2002]; *Holbrook v United Hosp. Med. Ctr.*, 248 AD2d 358 [1998]). Viewing the evidence presented in the light most favorable to the defendants, the plaintiff failed to meet this burden. In this regard, the conclusions contained in the affidavits of the plaintiff's experts were either conclusory and based upon impermissible speculation (*see Estate of Aviles v New York City Health & Hosps. Corp.*, 5 AD3d 432 [2004]; *Davis v Patel*, 287 AD2d 479, 480 [2001]; *James v Crystal*, 267 AD2d 429, 430 [1999]) or were contradicted by the other evidence which was before the Supreme Court and raised a triable issue of fact (*see De Simone v Lutheran Med. Ctr.*, 34 AD2d 660 [1970]; *Wallenquest v Brookhaven Mem. Hosp. Med. Ctr.*, 28 AD3d 538 [2006]; *cf. Texter v Middletown Dialysis Ctr., Inc.*, 22 AD3d 831 [2005]; *Velez v Policastro*, 1 AD3d 429, 431 [2003]; *Cavlin v New York Med. Group*, 286 AD2d 469, 471 [2001]; *Ibrahim v Lombardo*, 229 AD2d 423, 424 [1996]). Thus, that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability for medical malpractice should have been denied. We disagree with the Supreme Court's determination that, under the circumstances of this case, a finding of spoliation would have been proper even if summary judgment was denied.

Contrary to the contentions of the defendant hospital, the plaintiff established that the hospital was vicariously liable for any negligence on the part of the physician during the procedure. Although the physician was not an employee of the hospital and therefore the hospital would not ordinarily be vicariously liable for his malpractice (*see Quezada v O'Reilly-Green*, 24 AD3d 744 [2005]; *Orgovan v Bloom*, 7 AD3d 770, 770-771 [2004]), an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing (*see Johnson v Jamaica Hosp. Med. Ctr.*, 21 AD3d 881, 883 [2005]; *Orgovan v Bloom, supra*). In the instant matter, the evidence presented established that the plaintiff was brought to

the emergency room after he was struck by a car and that the hospital directed Dr. Sonstein to examine him and render treatment. Schmidt, J.P., Santucci, Fisher and Covello, JJ., concur.