Galluccio v Grossman (2018 NY Slip Op 03664)





Galluccio v Grossman


2018 NY Slip Op 03664


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2015-08613
 (Index No. 14251/05)

[*1]Joann Galluccio, et al., respondents-appellants,
v
Myles Grossman, etc., et al., defendants, Carlos Montero, etc., et al., appellants-respondents, New Island Hospital, respondent.


Connick, Myers, Haas & McNamee, PLLC, Mineola, NY (Stuart Haas of counsel), for appellants-respondents Carlos Montero, Nassau Orthopedic Surgeons, P.C., Armand E. Abulencia, and Island Orthopedics & Sports Medicine.
James W. Tuffin, Islandia, NY, for appellants-respondents Island Medical Physicians P.C., also known as Island Medical Physicians, and Ronald Friedman.
Anthony J. Montiglio, Mineola, NY, for respondents-appellants.
Kerley Walsh Matera & Cinquemani, P.C., Seaford, NY (Lauren B. Bristol of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, etc., the defendants Carlos Montero, Nassau Orthopedic Surgeons, P.C., Armand E. Abulencia, and Island Orthopedics & Sports Medicine appeal, the defendants Island Medical Physicians, P.C., also known as Island Medical Physicians, and Ronald Friedman separately appeal, and the plaintiffs cross-appeal from an order of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), entered July 9, 2015. The order, insofar as appealed from by the defendants Carlos Montero, Nassau Orthopedic Surgeons, P.C., Armand E. Abulencia, and Island Orthopedics & Sports Medicine, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as appealed from by the defendants Island Medical Physicians P.C., also known as Island Medical Physicians, and Ronald Friedman, denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The order, insofar as cross-appealed from, denied the plaintiffs' cross motion to strike the affirmative defense of the statute of limitations from the answers of the defendants Island Medical Physicians P.C., also known as Island Medical Physicians, and Ronald Friedman, and granted that branch of the motion of the defendant New Island Hospital which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendants Island Medical Physicians, P.C., also known as Island Medical Physicians, and Ronald Friedman for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and substituting therefor a provision granting the motion, (2) by deleting the provision thereof denying the plaintiffs' cross motion to strike the [*2]affirmative defense of the statute of limitations from the answers of the defendants Island Medical Physicians P.C., also known as Island Medical Physicians, and Ronald Friedman, and substituting therefor a provision denying the cross motion as academic, (3) by deleting the provision thereof granting that branch of the motion of the defendant New Island Hospital which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion, and (4) by deleting the provision thereof denying that branch of the motion of the defendants Carlos Montero, Nassau Orthopedic Surgeons, P.C., Armand E. Abulencia, and Island Orthopedics & Sports Medicine which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against them, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Island Medical Physicians, P.C., also known as Island Medical Physicians, and Ronald Friedman, payable by the plaintiffs.
The plaintiffs commenced this action in September 2005, alleging medical malpractice based on the failure to timely and properly diagnose and treat the septic wrist joint of the plaintiff Joann Galluccio (hereinafter the plaintiff), for which she first sought treatment at the emergency room of the defendant New Island Hospital (hereinafter the hospital) in June 2003. The plaintiff was treated at the hospital by, among others, the defendant Ronald Friedman, who is employed by the defendant Island Medical Physicians, P.C., also known as Island Medical Physicians (hereinafter Island Medical). A member of the treatment team at the hospital consulted by telephone with the defendant Carlos Montero, an orthopedic surgeon who is employed by the defendant Nassau Orthopedic Surgeons, P.C. (hereinafter Nassau Orthopedic). The plaintiff was discharged from the emergency room the same day with directions to keep her arm in a sling and to take prescribed pain medications. Two days later, the plaintiff returned to the hospital's emergency room, was seen by Friedman, among others, and was admitted. During the course of her hospital stay, the plaintiff was treated by the defendant Armand E. Abulencia, an orthopedic surgeon who is employed by the defendant Island Orthopedics & Sports Medicine, P.C. (hereinafter Island Orthopedics). After her discharge from the hospital three weeks later, the plaintiff received additional treatment from Abulencia.
After the completion of discovery, the hospital moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, Friedman and Island Medical separately moved for the same relief as to them, and Montero, Nassau Orthopedic, Abulencia, and Island Orthopedics moved for the same relief as to them. The plaintiffs opposed the respective motions, and cross-moved to strike the affirmative defense of the statute of limitations from the answers of Friedman and Island Medical.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant must "make a prima facie showing either that there was no departure from accepted medical practice, or that any departure was not a proximate cause of the patient's injuries" (Matos v Khan, 119 AD3d 909, 910). Here, Friedman and Island Medical established their prima facie entitlement to judgment as a matter of law by the submission of the affirmation of their expert, who opined that Friedman's treatment of the plaintiff at the emergency room did not depart from accepted emergency room medical treatment or cause her injuries.
In opposition, the affirmation of the plaintiffs' expert failed to raise a triable issue of fact. "While it is true that a medical expert need not be a specialist in a particular field in order to testify regarding accepted practices in that field, the witness nonetheless should be possessed of the requisite skill, training, education, knowledge or experience from which it can be assumed that the opinion rendered is reliable" (Postlethwaite v United Health Servs. Hosps., 5 AD3d 892, 895 [internal quotation marks and citations omitted]). "Thus, where a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (Mustello v Berg, 44 AD3d 1018, 1019; see Behar v Coren, 21 AD3d 1045, 1046-1047). Here, the plaintiffs' expert, who was board-certified in internal medicine and infectious disease, did not indicate in his affirmation that he had training in emergency medicine, or what, if anything, he did to familiarize himself with the standard of care for this specialty. The affirmation, therefore, [*3]lacked probative value, and failed to raise a triable issue of fact (see Lavi v NYU Hosps. Ctr., 133 AD3d 830, 831). Accordingly, the Supreme Court should have granted the motion of Friedman and Island Medical for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
"As a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee" (Padula v Bucalo, 266 AD2d 524, 524; see Hill v St. Clare's Hosp., 67 NY2d 72, 79). However, "an exception to the general rule exists where a patient comes to the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing" (Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d 887, 888; see Christopherson v Queens-Long Is. Med. Group, P.C., 17 AD3d 393, 394). Here, the hospital established its prima facie entitlement to judgment as a matter of law by its submission of the deposition testimony of the doctors and physician's assistant involved in the plaintiff's care, which indicated that they were not employees of the hospital (see Sampson v Contillo, 55 AD3d 588, 590-591; Dragotta v Southampton Hosp., 39 AD3d 697, 699).
In opposition, however, the plaintiffs raised a triable issue of fact as to whether the hospital could be held vicariously liable for the medical malpractice of the individuals involved in the plaintiff's care as independent contractors, based upon the emergency room exception (see Ryan v New York City Health & Hosps. Corp., 220 AD2d 734, 736). Accordingly, the Supreme Court should have denied that branch of the hospital's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
We agree with the Supreme Court's denial of that branch of the motion of Montero, Nassau Orthopedic, Abulencia, and Island Orthopedics which was for summary judgment dismissing the causes of action alleging medical malpractice insofar as asserted against them, since, in response to their prima facie showing of entitlement to judgment as a matter of law, the plaintiffs raised a triable issue of fact as to whether those defendants departed from good and accepted standards of medical practice (see Alvarez v Prospect Hosp., 68 NY2d 320, 325). Although the plaintiffs initially opposed the motion with physician affirmations that did not comply with CPLR 2016, the court providently disregarded the defect after the plaintiffs replaced the affirmations with affidavits (see CPLR 2001). However, the court should have granted that branch of the motion which was for summary judgment dismissing the cause of action alleging lack of informed consent insofar as asserted against those defendants, since, as elucidated in the bill of particulars, the claim does not involve an affirmative violation of the plaintiff's physical integrity as is required to state a cause of action for lack of informed consent (see Martin v Hudson Val. Assoc., 13 AD3d 419, 420).
In light of our determination, the parties' remaining contentions have been rendered academic.
BALKIN, J.P., AUSTIN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court