Pinnock v Mercy Med. Ctr. (2020 NY Slip Op 01374)





Pinnock v Mercy Med. Ctr.


2020 NY Slip Op 01374


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-10556
 (Index No. 15379/12)

[*1]Shanique Pinnock, respondent-appellant, 
v
Mercy Medical Center, et al., respondents, Syed Ahmed, etc., appellant-respondent, et al., defendants.


Lewis Johs Avallone & Aviles, LLP, Islandia, NY (Brian J. Greenwood of counsel), for appellant-respondent.
Stewart Law Firm, PLLC, Rosedale, NY (Nadira S. Stewart and Charmaine M. Stewart of counsel), for respondent-appellant.
Gabriele & Marano, LLP, Garden City, NY (Melissa Goldberg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant Syed Ahmed appeals, and the plaintiff cross-appeals, from an order the Supreme Court, Nassau County (Roy S. Mahon, J.), entered June 4, 2018. The order, insofar as appealed from, denied the motion of the defendant Syed Ahmed for summary judgment dismissing the complaint insofar as asserted against him. The order, insofar as cross-appealed from, in effect, granted those branches of the motion of the defendants Mercy Medical Center, Mercy Medical Center Physician-Hospital Alliance, Inc., and Catholic Health Services of Long Island, made jointly with the defendants Stacey Slovin, Rechilda Icmat, and Marie Dupervil, which were for summary judgment dismissing the complaint insofar as asserted against the defendants Mercy Medical Center, Mercy Medical Center Physician-Hospital Alliance, Inc., and Catholic Health Services of Long Island with regard to their vicarious liability for the alleged negligence of the defendants Syed Ahmed and Sydney Hughes.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof denying the motion of the defendant Syed Ahmed for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision granting the motion, and (2) by deleting the provision thereof, in effect, granting that branch of the motion of the defendants Mercy Medical Center, Mercy Medical Center Physician-Hospital Alliance, Inc., and Catholic Health Services of Long Island, made jointly with the defendants Stacey Slovin, Rechilda Icmat, and Marie Dupervil, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Mercy Medical Center, Mercy Medical Center Physician-Hospital Alliance, Inc., and Catholic Health Services of Long Island with regard to their vicarious liability for the alleged negligence of the defendant Sydney Hughes, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as cross-appealed from, with one bill of costs to the defendant Syed Ahmed, payable by the plaintiff.
On December 25, 2010, the plaintiff arrived at the emergency room of the defendant [*2]Mercy Medical Center complaining of abdominal pain. She was evaluated by the defendant Sydney Hughes, a physician in the emergency department, and diagnosed with a pelvic mass and/or ovarian cyst and acute appendicitis based upon the findings of a pelvic ultrasound and CT scan. The plaintiff was admitted to the surgical department and the defendant Syed Ahmed performed a laparoscopic appendectomy to remove the plaintiff's appendix. Nonparty Neil Bellin performed an intraoperative gynecological consult during the appendectomy and determined that the pelvic mass might be a malignant tumor, that immediate surgery to remove the pelvic mass was not practicable, and that the plaintiff should be transferred to a different hospital for treatment by a gynecological oncologist. The plaintiff was thereafter advised that she should consult with a gynecological oncologist prior to returning home to Florida, and she was discharged on December 26, 2010. The plaintiff obtained a gynecological consult in Florida on December 30, 2010, and, on January 4, 2011, underwent exploratory surgery to remove the pelvic mass. The plaintiff was found to suffer from left ovary torsion at the time of the surgery, which necessitated removal of the plaintiff's left ovary and fallopian tube.
In December 2012, the plaintiff commenced this action against the defendants, inter alia, to recover damages for medical malpractice. The plaintiff alleged, among other things, that Ahmed and Hughes were negligent in diagnosing the plaintiff's appendicitis as an acute condition, in failing to obtain a gynecological consultation regarding the pelvic mass prior to proceeding with the appendectomy, and in failing to treat the plaintiff's pelvic mass simultaneously with the appendectomy. The complaint also asserted a cause of action alleging lack of informed consent. Following the completion of discovery, Ahmed moved for summary judgment dismissing the complaint insofar as asserted against him. The defendants Mercy Medical Center, Mercy Medical Center Physician-Hospital Alliance, Inc., and Catholic Health Services of Long Island (hereinafter collectively the Mercy defendants), which the complaint alleged, inter alia, were vicariously liable for any malpractice committed by Ahmed and Hughes, moved jointly with the defendants Stacey Slovin, Rechilda Icmat and Marie Dupervil (hereinafter together with the Mercy defendants, the hospital defendants) for summary judgment dismissing the complaint insofar as asserted against them. The plaintiff opposed both motions. By order entered June 4, 2018, the Supreme Court, among other things, denied Ahmed's motion for summary judgment dismissing the complaint insofar as asserted against him, and granted those branches of the hospital defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the Mercy defendants. Ahmed appeals, and the plaintiff cross-appeals.
To prevail on a motion for summary judgment in a medical malpractice action, a defendant must make a prima facie showing either that there was no departure from the accepted community standards of medical care, or that his or her acts were not a proximate cause of the plaintiff's injuries (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Tsitrin v New York Community Hosp., 154 AD3d 994, 995; Lesniak v Stockholm Obstetrics & Gynecological Servs., P.C., 132 AD3d 959, 959; Matos v Khan, 119 AD3d 909, 910). Once a defendant has made such a showing, the burden shifts to the plaintiff to "submit evidentiary facts or materials to rebut the prima facie showing by the defendant physician" (Alvarez v Prospect Hosp., 68 NY2d at 324; see Salvia v St. Catherine of Sienna Med. Ctr., 84 AD3d 1053, 1054). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Feinberg v Feit, 23 AD3d 517, 519), since conflicting expert opinions raise credibility issues which are to be resolved by the factfinder (see Guctas v Pessolano, 132 AD3d 632, 633). However, "[g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion" (Alvarez v Prospect Hosp., 68 NY2d at 325; see Lowe v Japal, 170 AD3d 701, 702; Smith v Mollica, 158 AD3d 656, 658). Moreover, "[w]here a physician opines outside his or her area of specialization, a foundation must be laid tending to support the reliability of the opinion rendered" (DeGiorgio v Racanelli, 136 AD3d 734, 737 [internal quotation marks omitted]; see Mustello v Berg, 44 AD3d 1018, 1019; Behar v Coren, 21 AD3d 1045, 1047).
Here, Ahmed established his prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging medical malpractice insofar as asserted against him through [*3]an expert affirmation of a physician who opined that Ahmed's treatment of the plaintiff did not depart from accepted standards of care and did not cause or contribute to the plaintiff's alleged injuries. The affirmation recited that the expert is a board-certified general surgeon and is familiar with the standard of care for a general surgeon, including in relation to the treatment of acute appendicitis and a pelvic mass. The expert opined that Ahmed correctly diagnosed the plaintiff with acute appendicitis given her complaints, the findings from the CT scan, and Ahmed's physical examination, and noted that the postoperative pathology report confirmed the diagnosis. The expert explained that, "[o]nce a diagnosis of acute appendicitis is made, good and accepted medical practice requires that the appendix be removed as soon as practicable." Ahmed's expert further opined that Ahmed's diagnosis and treatment of the plaintiff's pelvic mass were medically "appropriate." The expert further explained that the CT scan of the pelvic mass performed prior to the appendectomy indicated that the plaintiff was not suffering ovarian torsion at that time. The expert affirmed that Ahmed, as an emergency room general surgeon, was entitled to rely on the opinion of Bellin, the gynecologist who performed an intraoperative consultation during the appendectomy, that immediate emergency surgery to remove the pelvic mass was not required.
Ahmed also established his prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging lack of informed consent insofar as asserted against him. "Lack of informed consent does not apply where, as here, injuries allegedly resulted from a failure to undertake a procedure or a postponing of a procedure" (Ellis v Eng, 70 AD3d 887, 892; see Martin v Hudson Val. Assoc., 13 AD3d 419, 420; Hecht v Kaplan, 221 AD2d 100, 103). To the extent that the plaintiff alleged lack of informed consent for the appendectomy, Ahmed submitted the plaintiff's medical records and an executed consent form demonstrating that the plaintiff provided the requisite informed consent for the appendectomy.
In opposition to Ahmed's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted the expert affirmation of a physician board certified in gynecology and obstetrics. The affirmation, however, was conclusory and unsupported by competent evidence (see Alvarez v Prospect Hosp., 68 NY2d at 325; Speigel v Beth Israel Med. Ctr.-Kings Hwy. Div., 149 AD3d 1127, 1129). The plaintiff's expert did not provide any basis for his opinions that an emergency appendectomy was not required in light of the pathology findings of acute appendicitis or that the plaintiff's pelvic mass should have been treated in the emergency department, nor did he provide any opinion as to whether the alleged delay in surgery caused or contributed to the need for the ultimate removal of the plaintiff's left ovary and fallopian tube. In addition, the expertise of the plaintiff's expert was in gynecology and obstetrics rather than general surgery, and he failed to lay a foundation for the reliability of his opinion with respect to Ahmed's surgical treatment of the plaintiff (see DeGiorgio v Racanelli, 136 AD3d at 737). Accordingly, the Supreme Court should have granted Ahmed's motion for summary judgment dismissing the complaint insofar as asserted against him.
Turning to the branches of the hospital defendants' motion which were with respect to the Mercy defendants, " [a]s a general rule, a hospital is not vicariously liable for the malpractice of a private attending physician who is not its employee'" (Galluccio v Grossman, 161 AD3d 1049, 1052, quoting Padula v Bucalo, 266 AD2d 524, 524; see Sampson v Contillo, 55 AD3d 588, 589). However, a hospital may be held vicariously liable for the acts of independent physicians where a patient enters the hospital through the emergency room seeking treatment from the hospital and not from a particular physician of the patient's choosing (see Galluccio v Grossman, 161 AD3d at 1052; Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d 887, 888; Ryan v New York City Health & Hosps. Corp., 220 AD2d 734, 736). "Thus, in order to establish its entitlement to judgment as a matter of law defeating a claim of vicarious liability, a hospital must demonstrate that the physician alleged to have committed the malpractice was an independent contractor and not a hospital employee'" (Muslim v Horizon Med. Group, P.C., 118 AD3d 681, 683, quoting Alvarado v Beth Israel Med. Ctr., 78 AD3d 873, 875), "and that the exception to the general rule did not apply'" (Muslim v Horizon Med. Group, P.C., 118 AD3d at 683, quoting Rizzo v Staten Is. Univ. Hosp., 29 AD3d 668, 668-669).
Here, the Mercy defendants failed to establish, prima facie, that they could not be held [*4]vicariously liable for the alleged malpractice of Hughes on the ground that he was not an employee. The medical records submitted by the Mercy defendants in support of the subject branches of the motion established that the plaintiff arrived at the hospital for treatment of her abdominal pain through the emergency department, and not as a patient of any particular physician (see Salvatore v Winthrop Univ. Med. Ctr., 36 AD3d at 888-889). In addition, the affidavit of a registered nurse employed by the defendant Mercy Medical Center as a Director Risk Management/Privacy Officer contained no evidentiary basis to support her conclusory assertion that Hughes was not an employee of the hospital (see Alvarez v Prospect Hosp., 68 NY2d at 324).
The Mercy defendants also failed to establish, prima facie, that Hughes did not depart from accepted community standards of medical care in the treatment of the plaintiff, or that any departure by Hughes was not a proximate cause of the plaintiff's injuries (see Alvarez v Prospect Hosp., 68 NY2d at 324; Tsitrin v New York Community Hosp., 154 AD3d at 995). The Mercy defendants sought to meet their prima facie burden through an expert affirmation of a licensed physician board certified in emergency medicine. The expert noted that Hughes was an emergency department attending physician who evaluated the plaintiff, but gave no opinion as to whether the treatment provided by Hughes departed from accepted community standards of medical care, or that any departure was not a proximate cause of the plaintiff's injuries (see Alvarez v Prospect Hosp., 68 NY2d at 324; Smith v Mollica, 158 AD3d at 658).
Because the Mercy defendants failed to make the requisite prima facie showing, the burden never shifted to the plaintiff to raise a triable issue of fact as to vicarious liability or alleged negligence of Hughes (see Alvarez v Prospect Hosp., 68 NY2d at 324). Accordingly, the Supreme Court should have denied that branch of the hospital defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the Mercy defendants with regard to the Mercy defendants' vicarious liability for the alleged negligence of Hughes.
The plaintiff's remaining contentions either need not be reached in light of our determination or are without merit.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court